# City of Birmingham *v.* Gordon.

*Action for Damages From Defective Street.*

(Decided April 7, 1910.  52 South. 430.)

1. *Municipal Corporations; Defective Sidewalks; Injury to Pe-
destrian; Complaint.*—A complaint for injury to a pedestrian caused
by defects in the sidewalk of a city which alleges that the defect in
the walk was the result of the defendant's negligence, and that it
caused plaintiff to fall or be thrown on the sidewalk and proxi-
mately caused the injury, is not demurrable for inconsistency, nor
for failure to show a violation of a duty owing to plaintiff by defend-
ant, or for a failure to aver facts indicating the city's failure to use
reasonable care to keep the highways safe.

2. *Same; Duty of City.*—A municipality is bound to keep its side-
walks in a reasonably safe condition of repair for the use of pedes-
trians and is prima facie liable for the failure to perform such du-
ties to the person injured thereby.

3. *Same; Contributory Negligence.*—Where the city's sidewalk on
which plaintiff fell was not so defective or such a pitfall that it
would be as a matter of law, negligence to attempt to walk upon it,
and was generally used by the public, one using such walk is not re-
quired to walk in the street or go upon another street because of a
knowledge that the walk was defective, and where the person injured
testified that she looked where she stepped and was attempting to
walk carefully over the defective sidewalk when she fell, such person
was not negligent as a matter of law because of a knowledge of the
defect.

4. *Jury; Competency; Bias.*—In an action against a city for in-
juries to a traveler caused by a defective sidewalk, a policeman
employed by the city is subject to peremptory challenge as for implied
bias.

5. *Damages; Injuries; Evidence.*—Where plaintiff injured the
knee cap from a fall on a defective sidewalk and thereafter suffered
from rheumatism, which she had never had before, the evidence of
the attending physician that such an injury was likely to invite dis-
eases such as rheumatism, was not open to the general objection of
being inadmissible and incompetent.

APPEAL from Birmingham City Court.
Heard before Hon. CHARLES A. SENN.

[City of Birmingham v. Gordon.]

Action by Carrie F. Gordon against the Mayor and Aldermen of Birmingham. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint was as follows: "Plaintiff claims of the defendant $10,000 as damages, for that heretofore, to wit, on the 22d day of December, 1904, while plaintiff was passing along one of the public highways in the city of Birmingham, in Jefferson county, Alabama, to wit, on the sidewalk on Twenty-Second street, between Fifth and Sixth avenues, in said city, plaintiff was thrown or caused to fall, and as a proximate consequence thereof her left kneecap was dislocated. (Here follows a catalogue of injuries, some of which are alleged to be permanent in their nature, together with a claim for damages for same.) Plaintiff alleges that she was thrown or caused to fall as aforesaid, and suffered said damages and injuries, by reason of and as a proximate consequence of the negligence of defendant, whose duty it was to use due care to have and keep said highway, to wit, said sidewalk, at said point, in a reasonably safe condition for the public to pass along, and defendant so negligently conducted itself in that regard that said sidewalk at said point was not in a reasonably safe condition for the public to pass along."

The demurrers were: "(1) That said complaint was inconsistent and repugnant, in that it claims damages for a failure to use due care to keep said highway in a reasonably safe condition; whereas, in another part, it claims damages for a failure to keep the same in a reasonably safe condition. (2) It does not aver or show any violation of any duty which the defendant owed the plaintiff in the premises. (3) Said count does not aver that defendant failed to use reasonable care to keep said highway in a reasonably safe condition. (4)

[City of Birmingham v. Gordon.]

It avers a conclusion of the pleader, yet exhibits facts which show that defendant was not negligent."

These demurrers being overruled, the pleas of general issue and contributory negligence were interposed.

Charges 11 and 12, refused to the defendant, are as follows: "(11) The court charges you that if you believe, from all the evidence in this case, that the plaintiff knew that the sidewalk at the place where she was injured was defective and in a dangerous condition, and would likely or probably cause her to fall, and yet with such knowledge she walked onto such defective places, and was injured as a proximate consequence thereof, you must find for the defendant. (12) The court charges you that if you believe, from all the evidence, that the plaintiff was injured as a proximate consequence of being thrown by stepping upon a loose brick, and if you further believe, from the evidence, that plaintiff knew that the brick at said place were loose, and that she walked through said place, attempting to pick out the safer bricks upon which to step, and that she selected a brick which gave way from her stepping upon it, then you must find a verdict for the defendant."

ROBERT H. THACH, for appellant. The complaint was subject to demurrer, as not setting forth facts showing in what the defect consisted.—*City Council of Montgomery v. Gilmer*, 33 Ala. 130. The court erred in sustaining challenge to the juror.—17 A. & E. Enc. of Law, 1127. Under the facts in this case the plaintiff is guilty of contributory negligence as a matter of law, and the court should have given charges 1 and 2.— *M. & A. of Bir. v. Tayloe*, 105 Ala. 170; *M. & A. of Bir. v. Starke*, 112 Ala. 98; *City Council of Montgomery v. Wright*, 72 Ala. 411; *Jochem v. Robinson*, 1 L. R. A. 178. Charge 7 should have been given.—Authorities

supra. The court erred in giving plaintiff's requested charge.—*Montg. G. L. Co. v. Mont. R. R. Co.,* 86 Ala. 371; 7 A. & E. Ency. of Law, 378.

BOWMAN, HARSH & BEDDOW, for appellee. No brief came to the Reporter.

MAYFIELD, J.—The plaintiff, a woman, sued the city of Birmingham to recover damages for personal in-juries alleged to be the result of her falling upon one of the defendant's sidewalks, which was alleged to be defective. The plaintiff alleges that the defect in the sidewalk was the result of the defendant's negligence; that such defect caused her to fall or be thrown upon the sidewalk, and thus proximately caused her injuries. The trial resulted in verdict and judgment for plaintiff, from which judgment the city appeals.

The complaint stated a cause of action and was not subject to any of the grounds of demurrer assigned.

It is the duty of a municipality to keep its sidewalks in a reasonably safe condition of repair, for the travel of pedestrians upon them; and it is prima facie liable to a person who suffers an injury on account of its failure to perform this duty.—*Albrittin's Case,* 60 Ala. 486, 31 Am. Rep. 46; *Perkin's Case,* 68 Ala. 145; *Wright's Case,* 72 Ala. 411, 47 Am. Rep. 422.

The proposed juror, Mingea, was shown to be a police-man of the defendant city—an officer of the municipal-ity—who might be liable or interested in the suit, and he was therefore subject to challenge for cause on this account.

There was no error in allowing Dr. Heacock, the phy-sician who treated and attended plaintiff on account of the injuries complained of, to testify that an injury such as plaintiff received was likely to invite diseases

such as rheumatism. The witness was an expert on the subject, and the plaintiff was shown to have suffered from rheumatism after the injury, and never before. Certainly the evidence was not (to repeat) inadmissible or incompetent—the only grounds assigned for excluding it.

One injured by falling while walking on a defective sidewalk is not necessarily guilty of contributory negligence, if he had knowledge or notice of the defect. The mere fact that the plaintiff had knowledge and notice of the defect, such as was shown in this case, was not conclusive evidence of contributory negligence on her part, in walking along such sidewalk. Whether or not she was guilty of contributory negligence, under all the evidence, was properly a question for the jury. She testified that she looked where she stepped, and was thus attempting to walk carefully over it when she fell.—*Starr's Case,* 112 Ala. 98, 20 South. 424; *Wright's Case,* 72 Ala. 411, 47 Am. Rep. 422.

The given, as well as the refused, charges are set out in the transcript, and the trial court seems to have correctly and fairly charged the jury as to the law applicable to the trial of the case as frequently declared by this court.

Charges 11 and 12, requested by the city, were properly refused, because each of the charges predicates a verdict for defendant, upon the hypothesis alone that plaintiff knew of the defective condition of the sidewalk and, notwithstanding such knowledge, attempted to walk over it, and fell and was injured thereby. As stated above, this alone did not constitute contributory negligence. The plaintiff testified in effect that she was careful while walking over the defective sidewalk, thus rebutting whatever presumption might otherwise arise from her knowingly using the sidewalk. It was not so de-

[Park v. Western Union Telegraph Co.]

fective, or such a pitfall, that it would be, as a matter of law, negligence to attempt to walk over it. It was shown to be generally used by the public, and to have been so used for a long time. Plaintiff was not required to walk out in the street, or to go down another street, merely because she knew that some of the bricks in the sidewalk were gone, or were loose or worn. She and others were shown to have used it in its then condition, without falling, or being injured thereby. The danger was not so imminent or apparent as to make it contributory negligence to attempt to pass over it.

There is no error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.