140 So.2d 824

**The F. W. WOOLWORTH COMPANY**

v.

**Lydia M. BRADBURY.**

**F. W. WOOLWORTH COMPANY**

v.

**O. H. BRADBURY, Sr.**

**6 Div. 595, 596.**

Supreme Court of Alabama.

March 29, 1962.

Rehearing Denied May 17, 1962.

Hare, Wynn & Newell, Birmingham, for appellees.

E. L. All, John H. Morrow and White, Bradley, Arant, All & Rose, Birmingham, for appellant.

394

SIMPSON, Justice.

The appellee in one of these cases, Mrs. Lydia M. Bradbury, is the wife of Mr. Bradbury, Sr., the appellee in the other case, which was consolidated for trial. Mrs. Bradbury sued F. W. Woolworth Company as the result of her fall in an off-sidewalk vestibule leading into appellant's store located at the corner of 19th Street and 3rd Avenue, North, in Birmingham. Mrs. Bradbury alleged the defendant was guilty of negligence in and about the maintenance of the floor of the vestibule where she fell. Mr. Bradbury brought a companion suit for loss of consortium. Thereafter, verdicts were rendered against appellant in favor of appellees—$3,000 in Mrs. Bradbury's case and $7,000 in Mr. Bradbury's case. Appellant filed its motion for new trial in each of the cases, which was overruled in each case, provided appellee, Mr. Bradbury file a remittitur of $2,000 in his case. Such remittitur was filed and motions for new trial overruled.

Appellant basically makes three contentions on this appeal:

■ It was entitled to the affirmative charge, both without and with hypothesis, in its favor. Appellant submits that the case is controlled by the principle that liability cannot be imposed upon a storekeeper or other possessor of premises because of any injury occasioned by an open and obvious condition existing on the premises of the defendant; that the defendant's duty to the plaintiff is discharged when knowledge is brought home to the plaintiff of the dangerous condition; the defendant simply owes plaintiff no duty in regard to those conditions of which plaintiff actually has knowledge. Appellant says appellee seeks to impose liability upon the storekeeper because of its "constructive knowledge" of the presence of trash in its entrance, on which she fell. Appellant contends that liability cannot be imposed upon appellant when appellee's knowledge of the defective condition is equal or superior to the knowledge of defendant, appellant. Appellant then insists that no duty was breached by it and the affirmative charges should have been given. Also, appellant contends that appellee's own testimony establishes she was guilty of contributory negligence as a matter of law and the affirmative charge thereby should have been granted.

Appellee argues the fallacy of appellant's major and initial contention is that he seeks to substitute a "duty to warn" for the duty imposed by law upon a merchant with respect to business invitees in a retail store, which duty is to keep the premises in a condition reasonably safe for the intended use of such invitees.

■ Appellant next contends that the court erred in refusing to give its requested written charges 35, 36, A–2, and G. Appellant contends the foregoing charges were not adequately covered by the court's oral charge.

Charge G affirmatively tells the jury that it could not find for the plaintiff on account of any defect in the terrazzo tile in the vestibule where plaintiff fell. Appellant contends although the court's oral charge in effect charged "terrazzo" out of the case, the jury should be positively charged on the proper request of defendant that composition defects in terrazzo cannot be the basis of a verdict, since the right to recover was rested on the presence of

debris or foreign matter on the floor of the vestibule.

The court erred in refusing to grant a motion for a new trial in O. H. Bradbury, Sr.'s case on the ground assigned that the verdict was excessive. It is argued that as the result of a stroke suffered by Mr. Bradbury nearly two months before the trial, which caused him to attend the trial in a wheel chair, and the comments by counsel, that the jury was motivated by sympathy, passion or prejudice, and the jury took into consideration his increased need for his wife's services because of the stroke suffered two months before the trial.

Both counsel for the appellant and for the appellees are to be commended for the excellence of their briefs filed with the court.

Appellant's brief argues assignments of errors 29 and 27 together. One assignment complains of the refusal to give the affirmative charge without hypothesis and the other with hypothesis, set out above. The same argument supporting errors 27 and 29 is adopted for errors 1 and 4. Errors 29 and 27 concern the charge without hypothesis and 1 and 4 concern the charge with hypothesis.

The argument for these four charges is in two parts. The first part asserts that the testimony of the injured woman indicates that she was aware of the trash in which she slipped and therefore appellant was under no duty to warn her. The other contention is that her testimony showed her to be guilty of contributory negligence as a matter of law.

On direct examination she testified that there was some popcorn and peanuts and she just stepped out the door and with her first step slid across and hit her knee and crushed it. She said she stepped on something and slid on something. She said she thought it was the peanuts. On cross-examination she testified that as she entered the store she saw trash in the vestibule at the entrance. She described the debris as peanuts and popcorn and candy papers and such things as that. She did not know whether or not she avoided stepping on the trash as she entered the store. At another point in her testimony, she said she was aware of it when she entered the store and that she avoided stepping on it when she entered the store.

Appellant argues that the defendant discharged his duty to plaintiff when plaintiff had knowledge of the condition; that the defendant simply owed the plaintiff no duty in regard to those conditions of which the plaintiff had knowledge. It contends that the plaintiff's knowledge as to the condition of the floor was equal to or superior to that of the defendant.

The appellant also argues that plaintiff put herself in the way of an open and obvious danger, known to her and consciously in her mind, making her guilty of contributory negligence as a matter of law, thereby barring her recovery. Appellant cites, among other authorities, the case of Foster & Creighton Co. v. St. Paul Mercury Indemnity Co., 264 Ala. 581, 88 So.2d 825, one of the leading cases in this jurisdiction on the subject. In that case the three elements essential to contributory negligence are defined to be (1) knowledge of the condition or failure, yet (2) appreciated the danger under surrounding conditions and circumstances and did not (3) exercise reasonable care in the premises; but with such knowledge and appreciation, put himself in the way of danger. Appellant argues that reasonable minds can draw but one conclusion from the evidence given by the plaintiff here.

To obviate the duty of the appellant to inform the plaintiff of the dangerous condition she must have actual knowledge of the condition. This assumes that she must know that it is a dangerous condition. Similarly, with regard to contributory negligence the rule is that she must appreciate the danger. The question of whether or not appellee's knowledge of the condition included an appreciation of its danger was

held to be, in Foster & Creighton Co. v. St. Paul Mercury Indemnity, supra—and we hold here—a question to be submitted to the jury. Walker County v. Davis, infra. Refusing to give the general charges would not be error in any case where the jury would be required to determine any factor. If any doubt is created by the appellee's testimony, there is no error in refusing the affirmative charge. Louis Pizitz Dry Goods Co. v. Harris, 270 Ala. 390, 118 So.2d 727; Brandwein v. Elliston, 268 Ala. 598, 109 So.2d 687.

As we pointed out in Yates v. De Mo, 270 Ala. 343, 118 So.2d 924, the question of contributory negligence is generally one for the jury. This is also the rule with regard to initial negligence. The fact that testimony indicates the debris was in the appellant's vestibule and had been there for a period of time, overcomes the contention that the jury need not determine any question concerning the appellant's duty to its invitee. We have long been committed to the proposition that the plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury.

We held in City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430, that one injured by walking on a defective sidewalk is not necessarily guilty of contributory negligence if he had knowledge and notice of the defect and that the question was properly one for the jury. In Foster & Creighton, supra, this court cited Walker County v. Davis, 221 Ala. 195, 128 So. 144, which in turn cited 20 R.C.L. 110, to the effect that the fact that plaintiff had knowledge of the physical condition does not necessarily mean that he appreciated the danger and that there must be either an appreciation of the danger or an opportunity to do so and negligence in that respect. The question was whether or not the condition was appreciated as being dangerous. This was held to be a question for the jury. See also Yates v. De Mo; supra; Mayor, etc. of City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430.

In Montevallo Mining Co. v. Little, 208 Ala. 131, 93 So. 873, there was an action brought by an invitee against a proprietor for an injury sustained when a piece of coal came from a "washer" and struck him in the head. The defendant sought the general affirmative charge, the plaintiff having testified he knew that coal was cast off the washer and that he advised the operator of the washer of the fact, and that the place was thereby rendered dangerous. The court said it could not be affirmed as a matter of law that the particular place at which he was injured was within the area of the dangerous character of which he was aware and had complained. It went on to say: "Knowledge of the elements of a dangerous situation is not necessarily knowledge of the danger itself."

We are constrained to hold, therefore, no error intervened by the refusal of the trial court to give the affirmative charge either as to the lack of negligence of defendant or the contributory negligence of Mrs. Bradbury.

Errors 18 and 19 are argued together, contending that the court erred in refusing to give charges 35 and 36. Error 22 is argued separately and it consists of refusal to give charge A–2 which appellant says is in legal effect substantially similar to charges 35 and 36. The argument to error 22 adopts the argument for errors 18 and 19, as well as errors 29 and 27.

Charge 35 says that if the jury finds that plaintiff suffered a fall as a direct consequence of the presence of foreign matter and that at the time she fell she knew of the presence of the foreign matter and knew that its presence constituted a hazard which she should avoid, then the verdict must be for the defendant. The question is whether or not the court covered these charges in its oral charge.

The judge said: "Well, the law says that if she saw some foreign object there and at that time had a realization of the dangers or the probable or possible danger to herself, if she stepped on it, if she realized

that and knew it, or if a reasonably prudent person in her position would have so realized it, then immediately the burden would fall on her to use reasonable care to avoid the danger. Or, on the other hand, of course, if she sees some debris there and it looks innocent enough, if it did, and did not look to be dangerous, and she had no realization of the floor surface itself or of the nature and character of the debris and had no realization and no proper reason to have a realization that it would be dangerous to step on, then that in turn would be different. It is for you gentlemen to say."

It seems to us that the court adequately charged the jury of the applicable rule in its oral charge. The court had already said that if there was negligence on the part of both there could be no recovery. The refusal of a charge, though a correct statement of law, shall not be cause for a reversal on appeal if it appears that the same rule was substantially and fairly given in the court's general charge. Title 7, § 273, Code of Alabama 1940.

The appellant assigns as errors 14, 15, 20, 21, and 25 the refusal of the court to charge the jury that it could not find for the plaintiff on account of any defect in the terrazzo and vestibule where plaintiff fell. All the charges raise the same question, the specimen one quoted in the brief being to the effect that the jury is not authorized under the evidence in this case to find a verdict in favor of the plaintiff because of or on account of, the construction and composition of the floor of the entrance of the store. Appellant argues that there is no evidence that plaintiff's fall was the result of anything but the debris. The fact is that the plaintiff testified that that was the sole cause of her fall—the debris. In its oral charge the court instructed the jury that the defendant would not be liable solely because there was a terrazzo floor there. We think this instruction suffices to avert errors in the refusal of these special requested charges.

Assignment of error No. 32 contests the ruling of the trial court overruling the defendant's motion for new trial. It argues under this assignment the fact that the husband's verdict was excessive. The $7,000 verdict returned by the jury was reduced to $5,000 on rehearing. Assessment of damages is left largely to the discretion of the jury, in the first instance, and to the discretion of the trial judge on motion for new trial. Great Atlantic & Pacific Tea Co. v. Weems, 266 Ala. 415, 96 So.2d 741; Louisville & Nashville R. R. Company v. Tucker, 262 Ala. 570, 80 So.2d 288; Montgomery City Lines Inc. v. Davis, 261 Ala. 491, 74 So.2d 923. We are unwilling to say the ruling of the trial judge on this was palpably wrong.

There being no other assignments of error insisted upon it follows that the judgments appealed from must be affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.