271 So.2d 847

**The BAPTIST MEDICAL CENTER,**
**a corporation**

v.

**Mary K. BYARS.**

**SC 30.**

Supreme Court of Alabama.

Dec. 7, 1972.

Rehearing Denied Feb. 1, 1973.

714

Dunn, Porterfield, McDowell & Scholl, Birmingham, for appellant.

Lanny S. Vines and Clifford Emond, Jr., Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a judgment for $20,000.00 in a suit for personal injuries sustained by appellee when she slipped but did not fall in the defendant-hospital. The motion for a new trial was overruled.

The cause was submitted to the jury on one count which alleged that the hospital "negligently maintained the floors and hallways in said hospital in such a manner that the same were slick and were not reasonably safe for use."

Appellant's argued assignments of error raise two contentions—first, that the hospital performed all its duties owed to appellee and secondly, that appellee was guilty of contributory negligence as a matter of law. These points are raised in assignments of error that the court erred in refusing requested written charges which would have given the affirmative charge

or the affirmative charge with hypothesis for appellant.

Both sides agree that appellee was an invitee and the case was tried on that premise. Appellee states in brief:

"The complaint in the case at bar did not declare upon negligence consisting of a duty to warn Mrs. Byars. The complaint charged that the defendant negligently failed to maintain its premises in a reasonably safe condition. Therefore, it is not necessary to discuss the question of whether or not the hospital breached its additional duty to warn plaintiff appellee of a hidden danger or hazard. This is true inasmuch as plaintiff need only show the breach of one of the two duties in order to recover.

, * * * * * *

" * * * Therefore, a discussion of the hospital's duty to warn will be dealt with on the question of whether or not the plaintiff was guilty of contributory negligence as a matter of law and will not be dealt with on the question of whether defendant discharged such duty, since this was not plaintiff's theory."

The appellee is a private duty registered nurse. She has been self-employed as a private duty nurse for approximately fifteen years. In August of 1968, she was employed by a patient in the Baptist Medical Center as a private duty nurse.

On the morning of the alleged slip, the appellee saw her patient around 8:30 or 9:00 o'clock asleep in his room at the hospital. She left her patient asleep and later went down to the dietary kitchen in the hospital to get his breakfast.

The plaintiff testified that she had seen the floors being mopped at the hospital on prior occasions but had never noticed a floor being stripped of wax before.

The stripping process was undertaken periodically to clean the hospital's floors by removing the old wax and the accumulated grime. The substance used to dissolve the old wax is colorless but when put on the floor is much more slippery than if wet with water. The procedure used is to strip an area ten or twelve feet in length only on one-half of the corridor at one time. It takes about twenty to thirty minutes to complete this area. The person stripping the wax off the floor places warning signs around the area he is stripping and then works within those signs. This always leaves half the corridor safe for walking.

On the morning of her accident, appellee came on the floor with her patient's breakfast tray and started toward Room 635. She saw the signs in the corridor and a wet area in front of the door to Room 635. She saw Adam Cox, who was doing the stripping. She testified that she asked him how she was going to get into her room and he said "You will have to walk across, but be careful. It's slick." She walked across the wet area being cleaned and when she took her first step into her patient's room, she slipped but did not fall. She caught the side of the door and did not drop the tray but she "Felt like I had pulled my insides right out, * * * in my right lower groin, * * *."

There is one conflict in the evidence on the question of failing to maintain the premises in a reasonably safe condition. Mrs. Giatinna was employed by the hospital in 1968 as a supervisor in housekeeping and in August, 1968, she was in charge of three floors, including the sixth. She worked under Mrs. McClinton, the executive housekeeper of the hospital. Mrs. Giattina testified that Mrs. McClinton had advised her to strip only half of the doorway of a room at a time so as to allow the other half to be free for passage; that she had given Adam instructions not to put the stripping solvent across the whole door entrance to a room, but he continued to do it.

Mrs. Cargile, who helped Adam Cox with the stripping and was helping the day

appellee slipped, testified that the hospital did not have any rule that the stripping must be conducted so as to leave half of a doorway to a room open, and she had never heard of such a rule. Mrs. McClinton testified that the hospital had no such rule; that she had never heard of such a rule prior to the trial, and that the practice had never been followed to her knowledge; that she had worked in three other hospitals, that it was not standard practice in hospitals in the Birmingham community to go half-way a door to half-way a door when stripping, and she had never heard of such a practice in any hospital outside the state.

A question of fact for the jury was thus presented under appellee's theory of the case.

That brings us to the final question as to whether appellee was guilty of contributory negligence as a matter of law. If she was, the appellant was entitled to one of the requested written affirmative charges. If she was not, the trial court was correct in submitting the question of her contributory negligence to the jury.

The essential elements of contributory negligence in Alabama where the plaintiff assumed the risk or consequences by placing himself into a dangerous position are (1) knowledge by the plaintiff of the condition; (2) appreciation of the danger under the surrounding conditions and circumstances; and (3) failure of the plaintiff to exercise reasonable care in the premises, but with such knowledge and appreciation to put himself into the way of danger. Foster & Creighton Co. v. St. Paul Mercury Indem. Co., 264 Ala. 581, 88 So.2d 825; F. W. Woolworth Co. v. Bradbury, 273 Ala. 392, 140 So.2d 824; Kingsberry Homes Corp. v. Ralston, 285 Ala. 600, 235 So.2d 371.

Under the facts in this case, we think there is no question but that appellee had knowledge of the slippery condition of the floor in front of the doorway to Room 635.

In City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430, this court said:

"One injured by falling while walking on a defective sidewalk is not necessarily guilty of contributory negligence, if he had knowledge or notice of the defect. The mere fact that the plaintiff had knowledge and notice of the defect, such as was shown in this case, was not conclusive evidence of contributory negligence on her part, in walking along such sidewalk. Whether or not she was guilty of contributory negligence, under all the evidence, was properly a question for the jury. * * *"

This was followed in F. W. Woolworth Co. v. Bradbury, 273 Ala. 392, 140 So.2d 824, where it was said:

"We held in City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430, that one injured by walking on a defective sidewalk is not necessarily guilty of contributory negligence if he had knowledge and notice of the defect and that the question was properly one for the jury. In Foster & Creighton, supra, this court cited Walker County v. Davis, 221 Ala. 195, 128 So. 144, which in turn cited 20 R.C.L. 110, to the effect that the fact that plaintiff had knowledge of the physical condition does not necessarily mean that he appreciated the danger and that there must be either an appreciation of the danger or an opportunity to do so and negligence in that respect. The question was whether or not the condition was appreciated as being dangerous. This was held to be a question for the jury. * * *"

It was also said in Bradbury, supra, "We have long been committed to the proposition that the plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury."

The burden of proving a plea of contributory negligence is on the defendant. The question of whether the plaintiff is guilty of contributory negligence as a

matter of law, and therefore one for the court to decide, arises only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence vel non. Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276.

In Foster & Creighton Co. v. St. Paul Mercury Indem. Co., 264 Ala. 581, 88 So.2d 825, this court quoted with approval the following from Ziraldo v. W. J. Lynch Co., 365 Ill. 197, 6 N.E.2d 125:

" 'Whether a plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury to decide under proper instructions. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. (Citations omitted). A motion to direct a verdict for the defendant preserves for review only a question of law whether from the evidence in favor of the plaintiff, standing alone and when considered to be true, together with the inferences which may legitimately be drawn therefrom, the jury might reasonably have found for the plaintiff. (Citations omitted) We cannot weigh the evidence to determine, as a matter of fact, whether the plaintiff was guilty of contributory negligence (Dukeman v. Cleveland, Cincinnati, Chicago & St. Louis Railway Co., 237 Ill. 104, 86 N.E. 712) and we cannot reject testimony as improbable unless it is contrary to some natural law (Zetsche v. Chicago, Peoria & St. Louis Railway Co., 238 Ill. 240, 87 N.E. 412).' "

In Dean v. Mayes, 274 Ala. 88, 145 So.2d 439, the court in considering whether the question of contributory negligence should be submitted to the jury said:

" * * * Relative to contributory negligence we have held that in civil cases, the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish a mere 'gleam,' 'glimmer,' 'spark,' 'the least particle,' 'the smallest trace' or 'a scintilla' in support of the theory. Alabama Great Southern Railroad Company v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190; and unless the evidence bearing upon this issue is entirely free of doubt or adverse inference, this question must be submitted to the jury for decision. Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207."

Under all the evidence in this case, we repeat that it showed that plaintiff-appellee had knowledge of the slippery condition of the floor, but the question of her appreciation of the danger under surrounding conditions and circumstances and whether she exercised reasonable care were properly submitted to the jury, because we are unable to say that plaintiff's contributory negligence, in the light of the governing principles discussed, was established as a matter of law.

The statement of the court per Bouldin, J. in Duke v. Gaines, 224 Ala. 519, 140 So. 600, is particularly pertinent to this case:

"In considering the propriety of the affirmative charge, we review the tendencies of the evidence most favorable to plaintiff, regardless of any view we may have as to the weight of evidence; and must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable."

The trial court did not err in refusing to give the requested affirmative charges, whether with or without hypothesis.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.