EMBRY, Justice
(dissenting):
Respectfully, I must disagree with the holding of the majority that the conduct of Leach Pontiac-GMC on the occasion that Mrs. Ireland was injured did not warrant instructing the jury regarding subsequent negligence.
Under the facts of this particular case, not only should the jury have been instructed about subsequent negligence, but more importantly, that jury should have been given realistic instructions about what constituted contributory negligence under the surrounding circumstances at the moment Mrs. Ireland was caused to fall and be injured. For many years this court has adherred to the rote definition of contributory negligence in this kind of case that simply states: (A) Knowledge of a defective or endangering condition; (B) Appreciation of the danger; and, (C) Failure to exercise reasonable care with regard to the surrounding conditions and circumstances.
It may be gleaned from examination of the many cases decided by this court over a very long period of time that the following would be an appropriate instruction:
“I charge you members of the jury that unless you are reasonably satisfied from the evidence in this case that Mrs. Ireland on the occasion when she fell, had or should have had a conscious appreciation of the danger, if any, to her person from the condition of the premises that existed at the time of her injury, you cannot find her guilty of contributory negligence even though you are further reasonably satisfied from the evidence in this case of the fact, if it be a fact, that she knew or should have known of the condition of the premises that existed at the point where she fell,” or a charge that would read like this:
“I charge you, members of the jury, that even if you become reasonably satisfied from the evidence in this case that Mrs. Ireland, on the occasion complained of in the complaint, had knowledge of the physical condition of the premises at the point where she fell, it does not necessarily follow that she was on that occasion guilty of contributory negligence, for I further charge you that you must be reasonably satisfied from the evidence that, with knowledge of such physical condition of the premises that existed there at the point where she fell on that occasion, she had a conscious appreciation or awareness of the danger to her person, or an opportunity to form such, and I further charge you that before you can find her guilty of contributory negligence, you must further find that she then, at that time, failed to exercise reasonable care for her own safety.”
Among the many cases that I find particularly enlightening in this regard are Foster & Creighton Co. v. St. Paul Mercury Indemnity Co., 264 Ala. 581, 88 So.2d 825 (1956), and F. W. Woolworth v. Bradbury, 273 Ala. 392, 140 So.2d 824 (1962).
It is a well-settled rule that subsequent negligence is embraced within a complaint which charges simple negligence. For this reason, it is my opinion that Mrs. Ireland was entitled to have the jury instructed regarding subsequent negligence as well as to have it instructed more definitively about contributory negligence under the facts of this case.
In conclusion, it should be noted that the evidence of record shows Mrs. Ireland had never before been to Leach Pontiac-GMC at a time when the sliding door was closed; had never used the small door; was 72 years of age at the time of her injury; turned around away from the door when called to by the service manager; and saw neither the “Exit” sign nor the “Please Watch Your Step” sign.
FAULKNER, SHORES and ADAMS, JJ., concur.