601 So.2d 976 (1992)
Willodean BORDEN
v.
CONSUMER WAREHOUSE FOODS, INC.
1910373.
Supreme Court of Alabama.
July 24, 1992.
*977 William Dowsing Davis III of Davis & Goldberg, Birmingham, for appellant.
Thomas S. Spires and Scott M. Roberts of Smith, Spires & Peddy, Birmingham, appellee.
MADDOX, Justice.
This is a slip and fall case and the sole issue is whether the trial court erred in entering a summary judgment in favor of the defendant store.
The plaintiff, Willodean Borden, sued Consumer Warehouse Foods, Inc. ("Consumer Foods"), claiming that Consumer Foods had negligently maintained its premises where she allegedly fell and injured herself.
The trial court entered a summary judgment for Consumer Foods; Borden appeals. We reverse and remand.
Borden testified in her deposition that on or about June 18, 1988, sometime after midnight, she was shopping at the Consumer Foods grocery store located at Main Street in Sylacauga, Alabama, when she slipped and fell on a wet floor near the meat department. According to Borden, she did not notice two men who had been operating floor cleaning equipment "six to eight feet away" until after she had fallen. The two men who were cleaning the floor were employees of Barclay Cleaning Service, which had contracted with Consumer Foods to perform cleaning services.[1] Borden admits that she saw "wet floor" signs at the entrance to the store, but she claims there were no signs warning of the wet floors in the area of the store in which she fell.
In order for the defendant, Consumer Foods, to be entitled to a summary judgment in this case, it had to make a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. If Consumer Foods made such a showing, the burden then shifted to Borden to present "substantial evidence"[2] establishing that an issue of material fact does exist. The trial court, in determining whether Consumer Foods presented sufficient evidence to negate the existence of any genuine issue of material fact, was required to view the evidence in a light most favorable to Borden. Houston v. McClure, 425 So.2d 1114, 1116 (Ala. 1983).
In Maddox v. K-Mart Corp., 565 So.2d 14 (Ala.1990), this Court stated the storekeeper's duty to the customer as follows:
"[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an `insurer of the customer's safety,' and is liable for injury only if he `negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition.' The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor, or (3) that [the storekeeper] *978 was delinquent in not discovering and removing the substance."
565 So.2d at 16.
This Court in Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980), quoted the longestablished duty of a landowner to warn its invitees:
"`This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. [Citation omitted.]
"`This rule ... includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation.'"
Quillen at 989, quoting Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388, 391 (1937).
Consumer Foods contends that it was entitled to a summary judgment because, it says, it had delegated to an independent contractor the duty to clean the floors in the area where the plaintiff alleged she suffered her injuries. Consumer Foods cites Boroughs v. Joiner, 337 So.2d 340 (Ala.1976), for the proposition that one is ordinarily not liable for the negligent acts of his independent contractor. In Boroughs, this Court said the following:
"The general rule in this state, and in most others, is that:
"` ... one is not ordinarily responsible for the negligent acts of his independent contractor. But this rule, as most others, has important exceptions. One is that a person is responsible for the manner of performance of his nondelegable duties, though done by an independent contractor, and therefore, that one who by his contract or by law is due certain obligations to another cannot divest himself of liability for a negligent performance by reason of the employment of such contractor. [Citations omitted.]'"
337 So.2d at 342.
Consumer Foods claims that the work being performed in this case was not inherently or intrinsically dangerous and that it could delegate to the independent contractor its duty to keep the premises in a reasonably safe condition for its customers.
This Court pointed out in Boroughs, in discussing whether a particular activity is inherently or intrinsically dangerous, the following:
"Although the courts have had some difficulty in stating a precise definition of activity which is inherently or intrinsically dangerous, the cases seem to agree that an intrinsic danger in an undertaking `... is one which inheres in the performance of the contract and results directly from the work to be done, not from the collateral negligence of the contractor, and important factors to be understood and considered are the contemplated conditions under which the work is to be done and the known circumstances attending it.' [Citations omitted.]
"The rule is stated in Restatement of the Law, Torts 2d, Vol. 2, § 427 (1965), as follows:
"`One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.'"
337 So.2d at 342.
In Hampton v. Brackin's Jewelry & Optical Co., 237 Ala. 212, 216, 186 So. 173 (1939), a case in which the shopkeeper had hired an optometrist to perform eye examinations in its store, and had been paid for *979 those services, this Court discussed the duty of shopkeepers operating a business for a profit, as follows:
"There are duties often imposed upon an employer which he cannot delegate to another. Such duties are either imposed by law, or by the contract between the parties. Where such duties are imposed, whether by law or contract, he is liable for their negligent or non-performance, though he employs an independent contractor to do the actual work. [Citations omitted.]"
The duty of a shopkeeper to maintain premises in a reasonably safe condition for its invitees is well settled. Although a storekeeper is not an insurer of the customer's safety while the customer is on the premises, we believe that the facts of this case show that the storekeeper permitted the customers to use its premises while the floors on such premises were being cleaned. The storekeeper also contends that the evidence shows, as a matter of law, that it was not negligent. The duty to warn invitees of a dangerous condition on the premises, if invitees are permitted to use the premises, seems to be a duty that the law would not permit the storekeeper to delegate.
We find the facts in this case to be quite similar to those in Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972), in regard to the duty of principals to invitees using their premises. Although the report of the Byars case does not show whether the work was being performed by an independent contractor, the Byars case does set out a rule of law that would seem to be applicable in determining the duty owed to invitees when floors are being cleaned or waxed.
The plaintiff in Byars was a private duty nurse. She was carrying a tray of food to her patient in the defendant's hospital when she slipped on a wet floor and injured herself. At the time of her slip on the wet surface, one of the hospital employees was "stripping" the old wax from the floors in front of the room the plaintiff was entering. The substance being used to strip the floors was colorless, but it made the floor much more slippery than the floor would have been if it had been wet with water. The plaintiff saw the warning signs in the vicinity, and she saw a wet area in front of the door she was entering. The plaintiff testified that she asked the employee who was doing the stripping how she was going to get into the room and that he stated, "You will have to walk across, but be careful. It's slick." She then proceeded to walk across the wet area, and, upon taking her first step into her patient's room, she slipped, but she managed to catch herself on the side of the door without falling or dropping the tray. However, she stated that she "[f]elt like [she] had pulled her insides right out ... in [her] right lower groin."
The jury returned a verdict for the plaintiff in the amount of $20,000. On appeal, the defendant argued (1) that it had performed all its duties to the plaintiff, and (2) that the plaintiff was guilty of contributory negligence as a matter of law and that the trial court had thus erred in refusing to give its requested affirmative charges.
With regard to the issue of whether the defendant failed to maintain the premises in a reasonably safe condition, the Byars court found a conflict in the evidence. A former supervisor in charge of the floor on which the accident occurred testified that the executive housekeeper of the hospital had advised her, and that she, in turn, had instructed the employee in charge of stripping the floors, to strip only half of the doorway of a room at a time in order to leave the other half free for passage. The supervisor testified that the employee continued to put the stripping solvent across the whole door entrance, despite her instructions. This Court found that this testimony was sufficient to present a question of fact for the jury regarding the issue of whether the defendant had maintained its premises in a reasonably safe condition.
With regard to the issue of contributory negligence, the Byars Court quoted with approval from City of Birmingham v. Gordon, 167 Ala. 334, 338, 52 So. 430, 431 (1910), in which the Court had written:

*980 "One injured by falling while walking on a defective sidewalk is not necessarily guilty of contributory negligence, if he had knowledge or notice of the defect. The mere fact that the plaintiff had knowledge and notice of the defect, such as was shown in this case, was not conclusive evidence of contributory negligence on her part, in walking along such sidewalk. Whether or not she was guilty of contributory negligence, under all the evidence, was properly a question for the jury."
The Byars Court also wrote:
"It was also said in [F. W. Woolworth Co. v. Bradbury, 273 Ala. 392, 140 So.2d 824 (1962)], `We have long been committed to the proposition that the plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury.'
"The burden of proving a plea of contributory negligence is on the defendant. The question of whether the plaintiff is guilty of contributory negligence as a matter of law, and therefore for the court to decide, arises only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence vel non."
289 Ala. at 717-18, 271 So.2d at 850 (citation omitted).
The assistant manager of Consumer Foods, Terry Entrekin, who was on duty the night of the accident, testified by affidavit that the Barclay employees who were cleaning the floors had placed warning signs in the area in which they were working and that Borden, who he claims was wearing "flip-flops" (an apparent reference to rubber thongs) at the time of the accident, fell within a few feet of one of the "wet floor" signs. However, Borden testified that there were no signs warning of the wet floors in the area of the store in which she fell. She also testified that she was wearing tennis shoes rather than flipflops at the time of the accident.
Based on the authority of Byars, we find that this conflicting evidence creates a genuine issue of material fact with regard to whether Consumer Foods had maintained its premises in a reasonably safe condition at the time of Borden's accident. We also find that Byars is controlling on the issue of contributory negligence, and that the question of whether Borden appreciated the danger posed by the wet floors is to be determined by the trier of fact.
We recognize that Byars was decided under the "scintilla rule." However, we think this is inconsequential. The plaintiff presented substantial evidence creating a genuine issue of material fact with regard to whether Consumer Foods was negligent.
For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurring in the result.
HOUSTON, Justice (concurring in the result).
I disagree with the majority's holding that a storekeeper cannot delegate janitorial work to an independent contractor. That work is not inherently or intrinsically dangerous, so as to be non-delegable. An employee of the independent contractor should not be permitted to sue the storekeeper for the negligence of the independent contractor in performing janitorial work. In this case, however, we are dealing with a storekeeper/customer relationship, and the duty that arises from that relationship. If the storekeeper permits a customer to be in harm's way while the customer is an invitee on the storekeeper's premises, by not exercising reasonable care to provide and maintain reasonably safe premises for the use of his customers or by not warning the invitee of danger of which the storekeeper knows or ought to know and of which the customer is ignorant, then there is a breach of duty. The storekeeper's warning, the customer's ignorance, *981 and the reasonably safe condition of the premises were contested questions to be resolved by the trier of the facts, and I concur for this reason.
NOTES
[1] Mrs. Borden added Barclay Cleaning Service as a defendant on August 10, 1990. Barclay filed a motion to dismiss on November 1, 1990; that motion was granted on the grounds that the claim was barred by the statute of limitations.
[2] Because this action was filed after June 11, 1987, the "scintilla rule" does not apply. "Substantial evidence"see § 12-21-12, Ala.Code 1975has been defined by this Court as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).