COBB, Chief Justice
(dissenting).
I respectfully disagree with my colleagues that the trial court should have granted the motion for a judgment as a matter of law filed by Dolgencorp, Inc. Therefore, I dissent.
This Court has long held that “a premises owner owes any business invitee ‘ “a duty to exercise reasonable care to maintain its premises in a reasonably safe condition.” ’ ” Shiv-Ram, Inc. v. McCaleb, 892 So.2d 299, 314 (Ala.2003) (quoting Kmart Corp. v. Peak, 757 So.2d 1138, 1144 (Ala.1999), quoting in turn Norris v. Wal-Mart Stores, Inc., 628 So.2d 475, 477 (Ala.1993)). See also Borden v. Consumer Warehouse Foods, Inc., 601 So.2d 976, 979 (Ala.1992) (“The duty of a shopkeeper to maintain premises in a reasonably safe condition for its invitees is well settled.”). However, “as a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care.” Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980).
As I noted in my dissent to the overruling of the application for rehearing in Jones Food Co. v. Shipman, 981 So.2d 355 (Ala.2006):
“ ‘The question whether a danger is open and obvious is generally one of fact.’ Howard v. Andy’s Store for Men, 757 So.2d 1208, 1211 (Ala.Civ.App.2000). ‘[T]he plaintiffs appreciation of the danger is, almost always, a question of fact for the determination of the jury.’ F.W. Woolworth Co. v. Bradbury, 273 Ala. 392, [396], 140 So.2d 824, [827] (1962). Furthermore, ‘[t]here is a presumption that a jury’s verdict is correct; that presumption is strengthened when the trial court has denied a motion for a new trial.’ SouthTrust Bank v. Donely, 925 So.2d 934, 943 (Ala.2005) (citing First Alabama Bank of South Baldwin v. Prudential Life Ins. Co. of America, 619 So.2d 1313 (Ala.1993)).”
981 So.2d at 370 (Cobb, C.J., dissenting).
The majority discusses three opinions of this Court as well as two of the federal district court for the Middle District of Alabama applying Alabama law, all of *747 which held that the question whether an item protruding into the aisle of a store is an open and obvious hazard is one for the trier of fact. The majority in fact quotes Williams v. Bruno’s, Inc., 632 So.2d 19 (Ala.1993), in which this Court opined:
“One could reasonably infer from [Williams’s] testimony that Williams was focusing his attention on the shelves, not that he was looking where he was going. Nowhere in Williams’s testimony does he say that the strips were obvious to him before he fell; in fact, Williams stated that he did not see the strips until after he fell.”
632 So.2d at 22. I believe the same rationale holds true in this case.
I also find persuasive the federal district court’s decision in Hunter v. Durr Systems, Inc., (No. 2:06cv411-WHA, April 24, 2007) (M.D.Ala.2007) (not reported in F.Supp.2d), a case not discussed in the majority opinion. In Hunter, a freelance photographer was taking photographs of a robotic paint booth at the Hyundai Motor Manufacturing plant in Montgomery. The booth contained an elevated walkway with a metal grated floor. On the day the photographer was present, a grate approximately 4 feet by 2 feet was missing from the walkway. During the photo session, the photographer fell through the hole created by the missing grate and sustained injuries. Relying on Williams, the federal district court denied the motion for a summary judgment filed by Durr Systems, Inc., stating:
“Just as the Williams court found that protruding strips on the floor of a grocery store were not definitively open and obvious where the shopper’s focus was on the shelves instead of the walhway, this court believes that a jury potentially could find that the missing grate was not open and obvious because Hunter was focused on photographing the robotic arms instead of the walkway.”
The federal district court for the Middle District of Alabama addressed a similar issue in Blizzard v. Food Giant Supermarkets, Inc., 196 F.Supp.2d 1202 (M.D.Ala.2002), a case discussed in the majority opinion. In Blizzard, a grocery store customer tripped over an end-cap pallet, approximately 4 feet by 4 feet by 8 inches in size, at the end of the grocery store aisle. In denying Food Giant’s motion for a summary judgment, the federal district court, again relying on Williams, wrote: “The court cannot conclude, however, that there is a legally significant difference in this case between Blizzard’s looking at cereal apparently intended by Food Giant to be viewed by customers while she was attempting to buy a particular product, and the plaintiff in Williams who was shopping for products on the shelves.” 196 F.Supp.2d at 1208.
Considering the foregoing, and viewing the facts in the light most favorable to Taylor, the nonmovant, I conclude that Taylor presented sufficient evidence for the case to be submitted to the jury for a factual resolution. I firmly believe that the question whether a danger is open and obvious is generally one of fact and that this Court should use restraint in holding, as a matter of law, that something is an open and obvious danger.[7] Taylor entered *748 the Dollar General store to do her shopping. Dolgencorp, as does any other retail store, placed items on its shelves to draw the consumer’s attention to those items. Because Taylor was focused on her shopping and was looking for the fabric softener on the shelf instead of focusing on the floor of the shopping aisle, I believe that reasonable persons could differ as to whether the boxes were an open and obvious hazard, and, thus, I believe that the entry of a judgment as a matter of law for Dolgencorp on this issue would be improper. See Brookwood Med. Ctr. v. Lindstrom, 763 So.2d 951, 952 (Ala.2000) (“A judgment as a matter of law ‘is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to her claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ.’ ”). Although the record indicates that Taylor noticed other boxes in the aisles of the store, there is no indication in the record that Taylor saw the specific boxes in the back aisle before she fell over them.
I also dissent from the majority’s holding that Taylor’s wantonness claim must likewise fail as a matter of law. Statutorily, wantonness is defined as “[c]onduct which is carried on with a reckless or conscious disregard for the rights or safety of others.” Ala.Code 1975, § 6-11-20(b)(3). Likewise, “ ‘ “[w]antonness” has been defined by the Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. McDougle v. Shaddrix, 534 So.2d 228 (Ala.1988).’” Bozeman v. Central Bank of the South, 646 So.2d 601, 603 (Ala.1994) (quoting Stone v. Southland Nat’l Ins. Corp., 589 So.2d 1289, 1292 (Ala.1991)).
The record is replete with evidence indicating that Dolgencorp and its employees knew about the condition of the Dollar General store in Jackson and appreciated the potential consequences of its cluttered aisles. A former employee testified that “our stockroom was full and we had a floor full of boxes that we — it was all over the store, full of boxes. All around the store. It was an accident ready to happen.” Another former employee testified that the store was “a mess” and “a wreck” on the day Taylor was injured. The former manager of the Jackson store testified that it was against company policy to have boxes in the aisles of the store, that she recognized that having boxes in the aisles was a potential hazard, and that she had complained to her direct supervisor to no avail about the overflowing stockroom that necessitated the storage of merchandise in the aisles. This evidence is substantial enough to warrant a finding that Dolgen-corp appreciated the hazardous condition created by the unopened boxes of merchandise in the aisles and that it consciously refused to remedy the situation.
Because I believe substantial evidence was presented to defeat Dolgencorp’s motion for a judgment as a matter of law and because substantial evidence was presented of Dolgencorp’s inaction, which I believe amounted to evidence of wantonness, I respectfully dissent.

. I am also troubled by what appears to be a trend of this Court as exemplified by this case and Jones Food Co. v. Shipman, supra, to interject itself into the place of the jury and hold that a danger is open and obvious as a matter of law. This Court should be respectful of the long-standing principle that the question whether a danger is open and obvious is generally one for the trier of fact. See Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1195 (Ala.2002) ("Whether a condition is open and obvious is generally a question for the jury.”); F.W. Woolworth Co. v. Bradbury, 273 Ala. 392, 396, 140 So.2d 824, 827 (1962) *748 (“We have long been committed to the proposition that the plaintiffs appreciation of the danger is, almost always, a question of fact for the determination of the jury.”).