Appellees filed their suit against appellant in the circuit court of Etowah County to recover damages to their home and garage proximately caused by appellant's negligent use of dynamite in constructing a section of an interstate highway near the location of the subject property. The jury returned a verdict for plaintiffs. From a judgment on this verdict, defendant appeals.
Defendant seasonably filed and presented to the court its motion for a new trial. The court overruled the motion. This ruling, when assigned as error, brings up all questions of law and fact sufficiently set forth in the motion and argued on appeal. Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358(8). The ruling on the motion is here assigned as error.
One of the grounds (7) of the motion is that the verdict of the jury is not supported by the evidence in the case. We pretermit considering many other assignments of error that appellant has here argued. Suffice it for this appeal that, in our opinion, this ground (7) has merit.
The complaint, as amended, fixes the time of the alleged negligent explosions by defendant at a period 337 days immediately prior to November 2, 1962, which would be between November 27, 1961 and November 2, 1962, the date suit was filed.
The evidence indicates that plaintiffs purchased their home and an old garage connected therewith on November 27, 1961, and within a few weeks, after making some repairs, moved into it.
The dwelling house was underpinned with concrete blocks, which Mr. Barnett, one of the plaintiffs, personally plastered or stuccoed in February or March, 1962, after the weather began to turn warm.
Appellees, in June, 1962, built a new garage as an addition to the old one. The new garage was floored with concrete poured over steel rods for reinforcement.
Certain repairs were made to the dwelling house about January 1, 1962, necessitated by fire in the bathroom and extinguishment thereof.
On or about July 30, 1962, Mr. Barnett and his wife noticed that a door of his home was dragging; and, on further examination, that the walls of his residence were "bursted." Upon making this observation, he found that the concrete blocks used to support his home were cracked; and also that the concrete slab used as a small porch at his front door had separated from the building; also, that the walls of his new garage also were cracked, as was the concrete floor in the garage.
The following questions and answers (on direct) to Mr. Barnett appear in the record:
 "Q. Now have you ever noticed any cracks prior to this blasting on this interstate highway?
 "A. I hadn't never even paid any attention to it until after I found the places in my garage was busted.
 "Q. Well, if they had been there, would you have seen them?
 "A. Yeah. I suppose so. Cutting grass, and things like that come right up against the house."
Mrs. Barnett testified as to the severity of some dynamite blasting that shook her home, but she did not give any dates between November 27, 1961 and November 2, 1962, when suit was filed. Neither did she state who set off the explosions. She did not know. The substance of her testimony was that there were some severe explosions between the above dates that shook the house.
Plaintiffs introduced as their witness one L. G. Stewart, a project engineer for the State Highway Department of Alabama. Mr. Stewart produced some records from the State Highway Department that supplied information as to the dates and quantity of explosives used by defendant on the road project which it was constructing near the home of plaintiffs. *Page 304 
According to these records and the testimony of Mr. Stewart, defendant set off a blast of 600 pounds of dynamite at station 124 on December 8, 1961. This station by other evidence was shown to be about 2850 feet (airline) from plaintiffs' home. Also, on December 7, 1961, at station 120 (about 2000 feet from plaintiffs' home) defendant exploded 120 pounds of dynamite; and on December 11, at station 118, 25 pounds. There was no evidence that defendant was responsible for any other explosions until September 5, 1962, and subsequent dates through November 2, 1962. The intermittent shots between these two dates, September 5, 1962 to November 2, 1962, ranged from 1 1/2 pounds to 75 pounds.
This witness also testified that during this period, from November 27, 1961 to November 2, 1962, there were other explosions prior to the records that were kept. It is to be noted that the records produced started on December 7, 1961.
There was also testimony by this witness that other contractors working on other projects in the vicinity also caused explosions of dynamite during the period in question. They were small.
As we review the record mandated by this appeal, the evidence fails to connect plaintiffs' alleged structural damage to their buildings with the explosions for which defendant was responsible, and identified with the road project. There was no evidence of explosives set off by defendant or under its authority on the project between December 11, 1961 and September 5, 1962. The new garage was not built until June, 1962. The damage to it was discovered by plaintiffs on or about July 30, 1962. There is no evidence of any additional damage after this discovery. Mr. Barnett, one of the plaintiffs, testified that he plastered or stuccoed the concrete blocks underpinning his home in March of 1962. With this work, Mr. Barnett came into close contact with the underpinnings and had ample opportunity to observe any structural damage if it had existed at that time. So far as the evidence shows, these underpinnings then were in normal condition. Likewise, was the structural condition of the home.
We think our pronouncement in the case of Alabama Power Company v. Bryant, 226 Ala. 251, 146 So. 602(9) has application here. There we observed:
 "We have a well-defined rule that the burden is upon 'plaintiffs to show by an unbroken sequence of cause and effect, that the negligence alleged was the proximate cause of the intestate's injury and death.' * * * For when 'the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause.' * * And 'the mere possibility that the negligence of defendant caused the injury without evidence thereof, is not sufficient to carry the case to the jury, or to support a verdict.' * * * And 'where it was merely conjectural whether death of a servant resulted from negligence for which the master was liable or from other cause, there can be no recovery.' * * *"
We think it was highly conjectural and speculative as to whether the injuries to plaintiffs' real property were the proximate result of the explosions charged to defendant. The evidence was not sufficient to support the jury's verdict.
The court erred in overruling the motion for a new trial.
The judgment of the trial court is reversed and the cause remanded.
The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.
Reversed and remanded.
LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur. *Page 305