JONES, Justice.
This is a personal injury case arising from an automobile accident. At the time of the accident, Hugh C. Odom was riding as a passenger in a car driven by Fred E. Schofield. They were returning from a short business trip. Virgil M. Snellgrose was driving a car in the opposite direction when he pulled his car into Schofield’s lane to pass several cars. Schofield, seeing the car coming toward him in his lane of traffic, veered off the road to his right. Because he was abreast of the ears he was attempting to pass, Snellgrose pulled off the road to his left. The two cars collided, resulting in serious injuries to Odom.
Subsequently, Odom sued both Schofield and Snellgrose for the expenses he incurred as a result of his prolonged hospitalization and rehabilitation, and for lost wages and loss of future earnings due to a permanent disability resulting from the accident. Odom’s wife also sued the two for loss of consortium.
The cause proceeded to trial, and the jury returned a verdict for Mr. Odom against Snellgrose in the amount of $35,000. The Defendant Schofield received a favorable verdict as to Mr. Odom’s claim, and the jury found for both Defendants as to Mrs. Odom’s consortium claim. The Odoms appeal from the judgment on the verdicts, alleging three errors.[1]
*1218 Negligence Per Se
The Odoms argue that the trial judge erred in not finding Schofield guilty of negligence per se, and in not directing a verdict in their behalf. They argue that because the testimony was conclusive that Schofield was operating his vehicle at a speed in excess of the statutory speed limit, the trial judge was constrained to find Schofield guilty of negligence per se.
As Chief Justice Torbert pointed out in Fox v. Bartholf, 374 So.2d 294 (Ala.1979), however, merely exceeding the statutory speed limit does not, in itself, establish actionable negligence. Several other requirements are involved—most particularly the requirement that the jury must find that the statutory violation proximately caused the injury.
Indeed, the trial judge gave the following requested charge: “The violation of certain of these rules of the road by persons using the public highways is negligence as a matter of law; such negligence, however, in order to be actionable on the part of the Plaintiff, must proximately cause or proximately contribute to the injury complained of by the Plaintiff.”
Here, it was not unreasonable for a jury to find that Schofield’s asserted operation of his vehicle in excess of the statutory speed limit did not proximately cause Mr. Odom’s injuries, in light of the fact that Schofield’s vehicle was struck by an oncoming car traveling in the wrong lane. Furthermore, it is possible that the jury concluded from the evidence that, despite Mr. Odom’s assertions, Schofield had not violated the statutory speed limit. Thus, the trial court did not err in denying the Odoms’ motion for directed verdict.
The Hospital Bills
Odom next claims that the trial judge erred in not allowing him to introduce into evidence the hospital bills. While Odom correctly points to Code 1975, §§ 12-21-5, -7, as providing a procedure for the authentication of hospital records, our search of the evidence of record fails to reveal a copy of either the hospital records or the statutorily prescribed certification. Thus, without the proffered evidence before us, there is nothing presented for this Court’s review.
The Social Security Benefits
At a pretrial conference, Odom filed a motion in limine to exclude from evidence any testimony as to benefits received through Social Security or workmen’s compensation. The motion was granted as to the workmen’s compensation benefits, but was denied as to the Social Security benefits. At trial, however, Odom made no objection to the introduction of evidence that he had received Social Security benefits.
We have held previously that a mov-ant who receives an adverse ruling on a motion to exclude evidence, made in li-mine, preserves the adverse ruling for post-judgment and appellate review only if he objects to the introduction of the evidence when it is offered at trial, and if he assigns specific grounds for the objection. Liberty National Life Ins. Co. v. Beasley, 466 So.2d 935 (Ala.1985).
Consequently, because we find no merit in the Odoms’ allegations of error, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.

. Although both Mr. and Mrs. Odom are shown as appellants in the notice of appeal, the only *1218 issue presented with respect to Mrs. Odom relates to the trial court’s refusal of the Plaintiffs’ motion for directed verdict. We note specifically that Mrs. Odom, neither by way of post-judgment motion nor on appeal, challenged the judgment with respect to Defendant Snellgrose on the ground of inconsistent verdicts.