Edward A. Wallace, Sr., appeals from a judgment based on a jury verdict awarding $12,000 to Katie Merle Doege in a personal injury suit. We reverse.
In November of 1982, Doege was employed with Sigma Fisheries, Inc., which operates a fish processing plant. On November 3, 1982, Doege injured her left index finger when her left hand and glove became entangled in the blade of a "fish roe saw" she was operating. *Page 405 
Doege testified that she was attempting to clear fish entrails and scales which had accumulated at the top of the saw when her glove got caught in the saw and her finger was pulled under the blade, causing her to sustain a 75 per cent impairment to her left index finger. She further testified that she did not turn off the power to the saw before attempting to remove the debris.
Doege had worked for 25 years as a meat cutter prior to working at Sigma Fisheries. During those 25 years she worked with and around meat and bone saws of various types. She testified that she knew it was dangerous to attempt to clean the "fish roe saw" unless the power was turned off and that she was given instructions as to the proper method for cleaning the saw. However, she stated that she was not cleaning the saw when she was injured, but was merely knocking some debris off the top of the saw, which she stated was not the same as cleaning the saw.
Wallace is the owner and president of Sigma Fisheries, which employs approximately 40 people. The plant is managed and supervised by Wallace's son and two grandchildren. Wallace manages the business affairs of the corporation and generally visits the plant only about fifteen minutes a day. No one particular person is assigned as a safety officer and no safety meetings are held. Wallace's son testified that he designed and built the "fish roe saw" used by Doege and is responsible for plant safety. Wallace testified that he was also involved in the design and construction of the saw. There was also testimony that Wallace watched the operation of the saw on the plant floor and instructed a particular employee not to use it because of its danger to her.
Wallace first submits that Doege's cause of action against him is barred by the applicable statute of limitations, which is one year. Alabama Code (1975), § 6-2-39 (a)(5).[1] Doege argues that this defense may not be raised for the first time on appeal. However, the statute of limitations was raised as an affirmative defense in the pleadings and was presented to the trial court at the close of all the evidence, but the trial court refused to hear it at that time. Since the statute of limitations was put into issue in the pleadings, it may be considered on appeal. FarmCountry Homes, Inc. v. Rigsby, 404 So.2d 573 (Ala. 1981).
In turning to the merits of the statute of limitations defense, we find that the issue presented is whether Doege properly substituted Wallace for a fictitiously named defendant under Rule 9 (h), A.R.Civ.P., so that the substitution relates back to the time of the filing of the original complaint under Rule 15 (c), A.R.Civ.P.
Rule 9 (h) provides:
 "When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
Rule 15 (c) provides in part:
 "An amendment pursuant to Rule 9 (h), Fictitious Parties, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading."
In order to invoke the relation-back principle of Rules 9 (h) and 15 (c), the plaintiff must: (1) state a cause of action against the fictitious party in the original complaint, and (2) be ignorant of the identity of the fictitious party at the time of the filing of the original complaint. Peek v. Merit MachineryCo., 456 So.2d 1086 (Ala. 1984); Minton v. Whisenant,402 So.2d 971 *Page 406 
(Ala. 1981). In the instant case, the original complaint states a negligence cause of action against the fictitious party. However, Wallace asserts that Doege knew of his identity at the time the original complaint was filed and, thus, that the Rule 9 (h) and 15 (c) relation-back principle does not apply.
The relation-back principle will not be applied when there has been an inordinate delay between the time the plaintiff learned the fictitious party's true name and the time of the actual substitution, if the delay prejudiced the defendant. Peek v.Merit Machinery Co., supra.
Doege's original complaint was filed on April 6, 1983, but her amended complaint naming Wallace was not filed until September 12, 1984, approximately 17 months after the original complaint was filed. No evidence was presented establishing the first time Doege had knowledge of Wallace's identity, and no evidence was presented establishing that Doege's delay in substitution prejudiced Wallace. In fact, Wallace undertook a defense on the merits and did not raise the defense of the statute of limitations until the close of the evidence. Therefore, the relation-back principle applies, and the cause of action against Wallace is not barred by the statute of limitations.
The next issue raised by Wallace concerns whether the trial court erred in denying his motions for a directed verdict and judgment notwithstanding the verdict. Wallace submits that he is entitled to a judgment as a matter of law on the issue of contributory negligence. If Doege was guilty of contributory negligence as a matter of law, then the trial court was incorrect in denying Wallace's motions.
 "In order to prove contributory negligence, the defendant must show that the party charged: (1) had knowledge of the condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care, by placing himself in the way of danger. Hatton v. Chem-Haulers, Inc., 393 So.2d 950 (Ala. 1980); Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972).
 "The question of contributory negligence is normally one for the jury. However, where the facts are such that all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law. Hatton v. Chem-Haulers, Inc., 393 So.2d at 954."
Brown v. Piggly-Wiggly Stores, 454 So.2d 1370, 1372 (Ala. 1984).
Doege knew that it was dangerous to clean the saw without turning off the power to the saw, and she had been instructed as to the proper procedure for cleaning the saw. She also knew that Wallace and his son had designed the saw and that it was not inspected for safety by anyone other than those two men. In addition, Doege had worked around various types of meat and bone saws for 25 years. We can reach no conclusion except that: (1) Doege knew the saw was dangerous; (2) Doege appreciated the danger inherent in the saw, particularly, the fact that it could cut her if the power was not turned off before she attempted to clean it; and (3) Doege put herself in danger by attempting to clean the saw without turning off the power. Therefore, without regard to the negligence vel non of Wallace, we hold that the proximate cause of Doege's injury was her failure to exercise reasonable care in cleaning the saw. Accordingly, Wallace is entitled to a judgment as a matter of law, and the judgment of the trial court is reversed. Other issues were presented to us by Wallace, but because of our decision on the issue of contributory negligence, we decline to address them.
REVERSED AND JUDGMENT RENDERED.
ALMON, BEATTY and HOUSTON, JJ., concur.
TORBERT, C.J., concurs in the result.
[1] This section was repealed effective January 9, 1985. See 1984 Acts, 2d Ex. Session, No. 85-39. Those causes of action listed in § 6-2-39, the one-year statute, were transfered to § 6-2-38, the two-year statute, upon the repeal of § 6-2-39. That repeal and that transfer do not affect this case. *Page 407