MADDOX, Justice.
This appeal is from a judgment in favor of the plaintiff in a personal injury lawsuit. The defendant contends that a directed verdict should have been granted because, he says, as a matter of law, the plaintiff failed to establish that the defendant’s negligence was the proximate cause of the plaintiff’s injuries, and because, he says, as a matter of law, the plaintiff was guilty of contributory negligence.
The plaintiff, Ronald Gaither, was employed as a produce clerk at a Winn-Dixie grocery store in Alexander City, Alabama. Part of his responsibility in the produce department was to help unload trucks delivering fresh produce. The defendant, William Durden, was the store manager.
The evidence presented at trial shows that the store employees unloaded both produce trucks and grocery trucks by means of a roller system. The rollers are made in sections which can be connected to allow employees to roll boxes out of the delivery trucks and into the rear of the store. On the day in question, July 24, 1984, the plaintiff was guiding boxes of *259 watermelons along the rollers toward the store. The rollers began to fall and the plaintiff unsuccessfully tried to push them back up. When the rollers did fall, a box of watermelons knocked the plaintiff to the floor. He injured his back in the fall. As a result of that injury, the plaintiff claimed, he was forced to have two spinal discs surgically removed. He also claimed that the injury forced him to quit his job and that he has been unable to work since that time.
In addition to filing a workmen’s compensation claim against Winn-Dixie, Gaither filed this action against Durden. Plaintiff Gaither alleged that, as manager, it was Durden’s responsibility to order new rollers when existing ones became dangerously worn; that Durden failed to do so, despite knowledge that the rollers in use were dangerous and tended to collapse; and that Gaither was injured as a result of having to use that dangerous equipment. The trial judge entered judgment for plaintiff, pursuant to a jury’s verdict, for $125,000.
The first ground urged by the defendant as reversible error concerns the trial court’s refusal to direct a verdict on the basis that the plaintiff “did not prove what proximately caused the rollers to fall on the occasion of his injury.” (Emphasis in appellant’s brief.) He bases this assertion on a lack of proof regarding which particular rollers were involved, the exact number used, or the particular defect in the rollers which caused them to fall. He related evidence which showed that new rollers would sometimes fall, and thus he contends that the mere fact that the produce rollers were “too old” and the plaintiff had complained about them is insufficient to support a verdict for the plaintiff.
The law regarding proximate cause is clear in this regard:
“It is only when the facts are such that reasonable men must draw the same conclusion that the question of proximate cause is one of law for the courts. Morgan v. City of Tuscaloosa, 268 Ala. 493, 108 So.2d 342 (1959), and authorities cited therein. Normally, questions must go to the jury, if the evidence, or any reasonable inference therefrom, furnishes a scintilla in support of the theory of the complaint. Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975); Rule 50(e), ARCP.”
Western Ry. of Alabama v. Still, 352 So.2d 1092, 1095 (Ala.1977). In this case, the evidence is controverted. At trial, the defendant testified that he did not know that the rollers tended to fall, that he did not consider them dangerous, and that new rollers sometimes fall as well; however, the plaintiff contended that the roller system was dangerous, that it fell down frequently because of age and wear, that the defendant knew that the rollers would frequently fall, and that the defendant was empowered to purchase newer, more fit rollers, as might be necessary to protect the employees he managed. He contends that the rollers tended to fall because the securing hooks on some sections were bent, some of the rails to which the hooks connected were missing, and some of the stands which supported the rollers were bent. Further, the evidence showed, by defendant’s own admission, that a significant factor causing the rollers to fall was that the roller wheels would at times stick or bind, so that when an employee tried to start the merchandise rolling again, the rollers and stands would fall over. The plaintiff contends that the rollers tended to stick due to their age and due to vegetable matter which sometimes spilled on them, and that providing new rollers would have alleviated this problem.
Durden argues that this case is similar to this Court’s case of McDowell & McDowell, Inc. v. Barnett, 277 Ala. 302,169 So.2d 324 (1964), and McClinton v. McClinton, 258 Ala. 542, 63 So.2d 594 (1952), in which this Court held that the evidence presented was too speculative or conjectural to prove proximate cause. We disagree. We find that Gaither produced sufficient evidence to create an inference that the cause of his injury was the condition of the store’s equipment, the use or replacement of which was under Durden’s direct control. For that reason, the trial court properly denied *260 Durden’s motion for directed verdict and submitted the question to the jury.
Durden next contends that the trial court erred in failing to direct a verdict because of the plaintiffs alleged contributory negligence. This Court’s review on this issue is very similar to its review on the previous issue. This Court, in Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala.1978), set out the law concerning when, and under what circumstances, contributory negligence is shown as a matter of law:
“Contributory negligence requires that the party charged have knowledge of the condition or failure, have appreciation of danger under the surrounding conditions and circumstances, and yet fail to exercise reasonable care but rather put himself into the way of danger. State Farm Mutual Auto. Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621 (1964); Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276 (1928). Contributory negligence is for the jury where there is a scintilla of evidence to the contrary. Nashville, Chattanooga & St. Louis Railway v. Wilson, 271 Ala. 615, 126 So.2d 110 (1961). The question of whether plaintiff is guilty of contributory negligence as a matter of law arises only when facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ on the question of negligence vel non. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972). These principles of law are likewise applicable to the defense of subsequent contributory negligence.”
Id. at 124. See Fireman’s Fund Am. Ins. Co. v. Coleman, 394 So.2d 334 (Ala.1980). Here, the evidence shows that the plaintiff attempted to stop the rollers supporting a box of watermelons from toppling over, but that the rollers and the box fell anyway. We cannot say that the record shows that, as a matter of law, the plaintiff negligently contributed to his own injury; therefore, the question was properly submitted to the jury-
Durden contends that the case of Wallace v. Doege, 484 So.2d 404 (Ala.1986), is instructive on the contributory negligence issue, and that this case should be similarly decided; however, although Doege correctly states the elements of contributory negligence in the workplace, we cannot here, as we did there, find, as a matter of law, a failure to exercise due care. In the Doege case, this Court reversed a judgment based on a jury verdict for the plaintiff, finding that her failure to turn off the power to a “fish roe saw” before cleaning it constituted contributory negligence, as a matter of law. In the present case, reasonable men could differ as to whether Gaither’s actions in trying to steady the roller assembly were reasonable under all of the circumstances; therefore, we cannot say that, as a matter of law, he was contributorily negligent, and the jury’s determination of that question will not be disturbed on appeal.
Durden’s final allegation of error deals with certain statements made by plaintiff’s counsel during his closing argument, when the following occurred:
“MR. MORRIS: You will note that the defendant in this case put on no evidence whatsoever.
“MR. BRASWELL: Your Honor, I object to that. I object to that. The evidence was put on.
“(Bench conference held outside the hearing of the jury.)
“MR. BRASWELL: That’s a comment on failure to put on evidence and he testified. And I object to it and move for a mistrial.
“MR. HAYNES: Judge, it’s not a criminal case. It's a civil case.
“MR. BRASWELL: And the same fairness pertains, and that is a comment on failure to put on evidence, when everybody testified—
“MR. MORRIS: That’s proper argument.
“MR. BRASWELL: Fairness — simple fairness—
“MR. MORRIS: He chose that, Judge.
“THE COURT: I overrule the objection. “(Bench conference concluded; jury present.)
*261 “MR. HAYNES: The defendant in this case didn’t put on one shred of evidence before you. They didn’t come up here and they didn’t deny the things that were said.
“MR. BRASWELL: Your Honor, that’s just—
“(Bench conference held outside the hearing of the jury.)
“MR. BRASWELL: We did put on evidence. We cross-examined witnesses, and we did deny it. And that’s just an incorrect statement of the premise of this case.
“MR. MORRIS: Judge, this is argument—
“MR. BRASWELL: I agree. It’s just inflammatory. And—
“MR. MORRIS: He can’t testify — when he was in the middle of saying that they didn’t deny one time that these rollers were not defective [sic]. That’s the sentence he was halfway in the middle of. This is closing argument in this case.
“MR. BRASWELL: The statement we didn’t put on any evidence is not true; we did put on evidence. We cross-examined—
“(Bench conference concluded; jury present.)
“THE COURT: Ladies and Gentlemen, you have heard the evidence in the case. And the lawyers can’t add anything to it or take anything away from it. And it’s up to you to recall what the evidence was and what the testimony was that was presented to you. And I will — as the attorneys go through their closing argument, I will ask that you bear that in mind and see if you recall things the way the attorneys describe them to you. The defendant in this case did not present evidence after the close of the plaintiff’s case. The defendant did cross-examine witnesses and so forth. And, in reaching whatever verdict that you reach, I would suggest that you rely not on trial tactics one way or the other but what evidence — the totality of it — what evidence did you hear. And, after the arguments are finished, I will give you the law. And you just base your verdict on evidence and on the law, and we will proceed on that basis.”
Assuming, arguendo, that the comments of plaintiff’s counsel were improper, the defendant has cited no cases and no good reasons which mandate reversal in this situation. Here, it is clear from the record that the trial judge gave the jury a timely instruction in which he stated that the defendant cross-examined witnesses, etc.; we find that the defendant has failed to show reversible error in the trial court’s overruling of his objection to plaintiff’s closing argument.
Based on the foregoing, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.