561 So.2d 1112 (1990)
Mary MANN and Luther G. Mann, Sr.
v.
Joe SMITH, individually and d/b/a Nan's Ruffled Curtains, ABC.
88-1608.
Supreme Court of Alabama.
April 12, 1990.
Charles L. Anderson of Wood & Parnell, Montgomery, for appellants.
*1113 William L. Lee III of Lee & McInish, Dothan, for appellee.
ADAMS, Justice.
The plaintiffs, Mary Mann and Luther G. Mann, Sr., appeal from a summary judgment in favor of the defendant, Joe Smith, who was sued individually and doing business as Nan's Ruffled Curtains, ABC (hereinafter "Smith"). Plaintiff Mary Mann was injured when she slipped and fell while on Smith's premises.
On August 13, 1987, during a steady, "misty" rain, Mary Mann stopped at a roadside drapery boutique owned by Smith. After browsing through the store, she left by the same door through which she had entered. As she was descending the steps, she slipped and fell onto the pavement outside the building.
On December 9, 1988, Mary and her husband, Luther Mann, filed suit against Smith, seeking damages for injuries Mary had received in the fall. Mr. Mann filed a claim for loss of consortium as a result of his wife's injury. The Manns alleged that Smith had negligently caused or allowed a hazardous and dangerous condition to exist on his premises. In particular, they asserted that Mrs. Mann's fall was caused by an unreasonably dangerous condition created by the physical structure of the concrete steps leading into and out of Smith's business.
Smith moved for summary judgment, offering in support of his motion the depositions of the parties. In opposition to Smith's motion, the Manns presented the affidavit of Louis B. Trucks, an engineer. Trucks's affidavit stated that the steps leading to the entrance of the building were unreasonably dangerous because of their physical structure and geometric shape.
The trial court entered summary judgment for the defendant on August 2, 1989. This appeal followed.
Mrs. Mann was a business invitee on Smith's premises at the time of her accident. Because she was a business invitee, Smith owed her a duty to exercise reasonable care in maintaining his premises in a reasonably safe condition. In Quillen v. Quillen, 388 So.2d 985 (Ala.1980), we clearly expressed the standards applicable to the duty owed an invitee:
"In the definitive case of Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937), this Court discussed at length the duty owed by a landowner to an invitee. At 234 Ala. 63, 173 So. 391, the Court held:
"`This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Geis v. Tennessee Coal, Iron & R.R. Co., 143 Ala. 299, 39 So. 301 [ (1904) ].
"`This rule ... includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation.'
"Therefore, as a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the Court in Lamson & Sessions Bolt Co., supra, at 234 Ala. 63, 173 So. 391:
"`In 45 C.J. § 244, p. 837, the rule is thus stated: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee *1114 assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.'
"Accord, McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954). The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala.1979); Tice v. Tice, 361 So.2d 1051 (Ala.1978). Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable."
388 So.2d at 989.
The Manns have established sufficient evidence from which a jury could find that a defect existed in the steps leading to and from Smith's business. The evidence indicates that the steps at Smith's business were constructed of concrete and had been painted. Some of the steps were approximately five and one-half feet wide and two of the steps rose six inches high. The top step was not level with the door jamb, but was slightly below the jamb so that someone entering the store had to step from the top step up to enter the store. The first step at the bottom was 16 inches deep and the top step was 6 inches deep.
Smith argues that the steps were not defective; however, he argues that if the steps were defective, the defect was open and obvious to Mrs. Mann, and that she had either seen it, or, in the exercise of reasonable care, should have seen it.
The facts of Bogue v. R & M Grocery, 553 So.2d 545 (Ala.1989), are strikingly similar to those in this case. In Bogue, the plaintiff was injured when she slipped and fell as she was leaving the defendant's place of business, a grocery store; she contended that her fall was caused by a significant drop in elevation from the doorway to the parking lot. In reversing a summary judgment for the defendant, we noted that the plaintiff had established evidence from which a jury could find that a defect existed in the ramp or slanting structure at the door of the grocery store. We noted in that case that once it has been determined that the duty owed to an invitee has been breached, questions such as contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect are normally questions for the jury. Id. See also Terry v. Life Insurance Co. of Georgia, 551 So.2d 385 (Ala.1989).
The Manns have established evidence from which a jury could find that a defect existed in the steps. Accordingly, we reverse the judgment of the trial court and remand the cause.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES and ALMON, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
I concur, but in doing so I must point out that while Bogue v. R & M Grocery, 553 So.2d 545 (Ala.1989), involved a slip and fall at the entrance of a business, I think the facts of this case are materially different from the facts that compelled me to dissent in Bogue. As I stated in my dissent in that case, Bogue, by her own testimony in that case, "fully appreciated the alleged defect or hazard that she state[d] might have caused her to fall." Based upon the plaintiff's own testimony in that case, there was no evidence from which a jury could have found that the alleged defect proximately caused her to fall and sustain her injury. My dissent in Bogue was bottomed on the same principle of law I set out in one of the first cases to apply Rule 56 in a negligence case, Folmar v. Montgomery Fair Co., 293 *1115 Ala. 686, 309 So.2d 818 (1975).[1] As I stated in my dissent in that case, I realize, as a general proposition, that "issues of negligence are ordinarily not susceptible to summary adjudication," but as I pointed out there, there are occasions in which summary judgment is appropriate, even in negligence actions. I am concerned, therefore, about a rule of law, restated in the majority opinion, that "once it ha[s] been determined that the duty owed to an invitee had been breached, questions of contributory negligence, assumption of the risk, or whether the plaintiff should have been aware of the defect, are normally questions for the jury." The scholar will immediately see that the element of proximate cause has not been included in the statement of the rule. My dissents in Bogue and in Folmar were based upon the principle that if a plaintiff is unable to present evidence, even at summary judgment stage, that the alleged defect was the cause of the injury, then summary judgment is appropriate in a negligence case.
In this case, of course, the plaintiff not only knew of the cause of her fall, but presented expert testimony from which a jury could conclude that the steps were defectively constructed and maintained. Because the plaintiff presented sufficient evidence on each element of her cause of action, I agree that, in this case, summary judgment was inappropriate, but because the majority cites as authority two of this Court's cases in which I dissented, I thought it appropriate to spell out the reason I concur in this case.
NOTES
[1] In Folmar, after stating the general rule that summary judgment is rarely appropriate in a negligence case, I said the following:

"Summary judgment in a negligence action is sometimes appropriate. See Herbert v. Regency Apartments, Inc., 292 Ala. 417, 295 So.2d 404 (1974). Previously, this Court, applying the scintilla evidence rule, has also found that a negligence action can be taken from a jury, if a jury verdict could only be based upon pure speculation and conjecture. Colonial Life and Accident Insurance Co. v. Collins, 280 Ala. 373, 194 So.2d 532 (1967); McDowell and McDowell, Inc. v. Barnett, 277 Ala. 302, 169 So.2d 324 (1964); Southern Ry. v. Woodstock Mills, 230 Ala. 494, 161 So. 519 (1935); [citation omitted;] St. Louis & S.F. R.R. v. Dorman, 205 Ala. 609, 89 So. 70 (1921). It is axiomatic that the mere happening of an accident raises no presumption of negligence.
"In Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505 (1946), this Court reversed the trial court for refusing to give the affirmative charge requested by the defendants in that case. In Griffin Lumber, this Court followed the rule as laid down in the case of Southern Ry. v. Dickson, 211 Ala. 481, 100 So. 665, 669 (1924), as follows:
"`"Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause."
"`But a nice discrimination must be exercised in the application of this principle. As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a judicial basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.'"
293 Ala. at 694-95, 309 So.2d at 825-26.