I concur, but in doing so I must point out that whileBogue v. R M Grocery, 553 So.2d 545 (Ala. 1989), involved a slip and fall at the entrance of a business, I think the facts of this case are materially different from the facts that compelled me to dissent in Bogue. As I stated in my dissent in that case, Bogue, by her own testimony in that case, "fully appreciated the alleged defect or hazard that she state[d]might have caused her to fall." Based upon the plaintiff's own testimony in that case, there was no evidence from which a jury could have found that the alleged defect proximately caused her to fall and sustain her injury. My dissent in Bogue was bottomed on the same principle of law I set out in one of the first cases to apply Rule 56 in a negligence case, Folmar v.Montgomery Fair Co., *Page 1115 293 Ala. 686, 309 So.2d 818 (1975).[1] As I stated in my dissent in that case, I realize, as a general proposition, that "issues of negligence are ordinarily not susceptible to summary adjudication," but as I pointed out there, there are occasions in which summary judgment is appropriate, even in negligence actions. I am concerned, therefore, about a rule of law, restated in the majority opinion, that "once it ha[s] been determined that the duty owed to an invitee had been breached, questions of contributory negligence, assumption of the risk, or whether the plaintiff should have been aware of the defect, are normally questions for the jury." The scholar will immediately see that the element of proximate cause has not been included in the statement of the rule. My dissents inBogue and in Folmar were based upon the principle that if a plaintiff is unable to present evidence, even at summary judgment stage, that the alleged defect was the cause of the injury, then summary judgment is appropriate in a negligence case.
In this case, of course, the plaintiff not only knew of thecause of her fall, but presented expert testimony from which a jury could conclude that the steps were defectively constructed and maintained. Because the plaintiff presented sufficient evidence on each element of her cause of action, I agree that,in this case, summary judgment was inappropriate, but because the majority cites as authority two of this Court's cases in which I dissented, I thought it appropriate to spell out the reason I concur in this case.
[1] In Folmar, after stating the general rule that summary judgment is rarely appropriate in a negligence case, I said the following:
 "Summary judgment in a negligence action is sometimes appropriate. See Herbert v. Regency Apartments, Inc., 292 Ala. 417, 295 So.2d 404 (1974). Previously, this Court, applying the scintilla evidence rule, has also found that a negligence action can be taken from a jury, if a jury verdict could only be based upon pure speculation and conjecture. Colonial Life and Accident Insurance Co. v. Collins, 280 Ala. 373, 194 So.2d 532 (1967); McDowell and McDowell, Inc. v. Barnett, 277 Ala. 302, 169 So.2d 324 (1964); Southern Ry. v. Woodstock Mills, 230 Ala. 494, 161 So. 519 (1935); [citation omitted;] St. Louis S.F. R.R. v. Dorman, 205 Ala. 609, 89 So. 70 (1921). It is axiomatic that the mere happening of an accident raises no presumption of negligence.
 "In Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505 (1946), this Court reversed the trial court for refusing to give the affirmative charge requested by the defendants in that case. In Griffin Lumber, this Court followed the rule as laid down in the case of Southern Ry. v. Dickson, 211 Ala. 481, 100 So. 665, 669 (1924), as follows:
 " ' "Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause."
 " 'But a nice discrimination must be exercised in the application of this principle. As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a judicial basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.' "
293 Ala. at 694-95, 309 So.2d at 825-26.