JONES, Justice.
Larry Joines, Ronald Watkins, and Dorothy Sims originally sued Henry Richardson and Burleson Pool Company, Inc., claiming damages for personal injury and property damage suffered in an automobile accident on October 18, 1987. The complaint alleged negligence and wantonness against Henry Richardson and negligent entrustment against Burleson Pool Company, Inc. The defendants denied each allegation and pleaded the affirmative defense of contributory negligence. The jury returned a verdict in favor of both defendants. The plaintiffs’ motion for a new trial was granted. From that judgment, the defendants appeal.
The standard of review to be applied by this Court in reviewing the granting of a motion for a new trial is set out in Jawad v. Granade, 497 So.2d 471, at 477 (Ala.1986):
“[A]n order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence.”
Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160 (Ala.1988), sets out the procedure for the application of the Jawad standard:
“[Wjhen the evidence meets the ‘sufficiency’ test, jury verdicts are presumed correct, and this presumption is strengthened by the trial court’s denial of a motion for new trial. Therefore, a judgment based upon a jury verdict and sustained by the denial of a post-judgment motion for a new trial, will not be reversed on a weight-of-the-evidence ground unless it is ‘plainly and palpably’ wrong. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). See, also, Jawad v. Granade, 497 So.2d 471 (Ala.1986).”
539 So.2d at 162-63.
While the “new trial” test is a subjective one (as opposed to the objective test in regard to J.N.O.V.) and is measured by a discretionary standard, the range of the *788 trial court’s discretion, as announced in Ja-wad, has been considerably narrowed. Thus, the trial court is left with no discretion to grant a new trial on a “weight of the evidence” ground, except when the verdict and the judgment entered thereon are so against the great weight and preponderance of the evidence as to be “plainly and palpably” wrong, i.e., “manifestly unjust.”
From our review of the record, we cannot agree with the plaintiffs’ argument that the verdict was so against the weight of the evidence as to be manifestly unjust. Richardson testified that, although he was following the plaintiffs at the time of the accident, he was merely trying to determine where his car was, which had been borrowed by his ex-wife, Jackie Joines, who, at the time of the accident, was married to Larry Joines. Larry and Jackie Joines, along with Ronald Watkins, who was driving the vehicle occupied by the plaintiffs, were in the truck that Richardson was following. Richardson was driving a company truck owned by his employer, Burleson Pool Company, Inc. Richardson testified that he followed the plaintiffs’ truck at a speed of about 70 m.p.h., but that he never followed too closely and that he did not hit the plaintiffs’ vehicle with the truck. He stated that the plaintiffs were driving in the left lane of the two-lane street, and that the accident occurred when the plaintiffs swerved into the right lane, where Richardson was driving, trying to run him off the road.
Burleson Pool Company, Inc., presented evidence that Richardson had not been given permission to drive a company vehicle. The evidence showed that Richardson, who did not have a valid driver’s license, was assigned a vehicle, but was authorized to be in that vehicle only with a licensed driver and only while conducting business for Burleson Pool.
While the plaintiffs presented contrary evidence sufficient to support a verdict in their favor, we cannot agree with their argument that the court properly granted their motion for new trial. The jury, after hearing the evidence presented by the parties and seeing the witnesses, apparently believed the defendants’ evidence and concluded that the defendants were not liable for the damages claimed. Therefore, because “it is easily perceivable from the record that the jury verdict is supported by the evidence,” Jawad, supra, we hold that the trial court abused its discretion in granting the plaintiffs’ motion for a new trial. Therefore, the trial court is instructed to set aside its order granting the motion for a new trial, to reinstate the verdict of the jury, and to enter a judgment thereon.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.