Ronald Sprouse appeals from the entry of a judgment notwithstanding the jury's $200,000 verdict in favor of Sprouse in his personal injury action against Belcher Oil Company. Sprouse is a petroleum inspector employed by an independent inspection company. His job includes inspecting and certifying the quality and quantity of petroleum products being shipped on barges such as the ones that load and unload at the oil terminal operated by the defendant, Belcher Oil Company. In performing these inspections, Sprouse records a series of measurements to determine the amount of petroleum being sold or purchased. To obtain these measurements, the inspector must actually board the barge. The evidence showed that, at the Belcher facility, there is a drop of approximately 12 feet from the dock to the deck of the barge. Wooden railroad crossties were affixed to the end of the dock, forming a structure that resembled a ladder. Inspectors normally boarded the barges by means of a portable aluminum ladder provided by Belcher. *Page 444 
At approximately 2:45 a.m. on November 27, 1986, Sprouse was called by Phillip Kirksey, the terminal operator at Belcher's facility, to inspect two barges. When Sprouse arrived, at approximately 3:30 a.m., there were only two other people at the facility: Kirksey and the dockman, Thomas Ladner. Sprouse requested a ladder from Ladner, who told Sprouse that the ladder was locked up and that he did not have a key. Ladner also indicated that Kirskey did not have a key. Sprouse never directly requested a ladder from Kirskey, nor did he ask Ladner to request a ladder from Kirskey. After concluding that a ladder was not immediately available, Sprouse lowered himself and his equipment onto the barges by climbing down the wooden crossties on the end of the dock. After completing his inspection, Sprouse climbed back up the crossties onto the dock. To climb the last five feet, however, he had to grasp the top of the deck and pull himself up. Immediately after pulling himself up, Sprouse noticed a severe pain in his lower back. Two days later he was diagnosed as having a herniated disc. On November 15, 1988, Sprouse filed this action, alleging that Belcher had negligently and/or wantonly breached its duty to provide him with a safe place to work.
In granting Belcher's motion for j.n.o.v., the trial court concluded that the evidence was sufficient to establish at least a voluntary undertaking by Belcher to provide inspectors with a ladder to access the barges. However, the trial court also determined that, as a matter of law, the evidence conclusively established the affirmative defenses of contributory negligence and assumption of risk. After reviewing the evidence in a light most favorable to the nonmovant, as we are required to do, Alabama Power Co. v. Robinson, 404 So.2d 22
(Ala. 1981), we hold that the trial court correctly entered Belcher's j.n.o.v.
In so holding, we recognize the presumption of correctness that attends a jury verdict. Davis v. Ulin, 545 So.2d 14
(Ala. 1989); Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). However, the evidence was uncontroverted that Sprouse was familiar with the condition of the crossties and their distance from the top of the dock and voluntarily undertook to make the climb. In fact, Sprouse testified that he had used the crossties to board barges on prior occasions. The evidence showed that Sprouse had worked on Belcher's docks "hundreds or thousands" of times before he was injured. Further, there was evidence from two of Sprouse's fellow inspectors, as well as from Sprouse, that each of them had used the crossties from time to time to board the barges that they were responsible for inspecting. Because of Sprouse's firsthand knowledge, he had to have known and appreciated the condition of the crossties and the dangers that he was exposing himself to when he elected to climb on them.
Assumption of risk has three elements: (1) knowledge by the plaintiff of the condition; (2) appreciation by the plaintiff of the danger or risk posed by that condition; and (3) a voluntary, affirmative exposure to the danger or risk.Elder v. E.I. DuPont De Nemours Co., 479 So.2d 1243
(Ala. 1985); Employers Casualty Co. v. Hagendorfer,393 So.2d 999 (Ala. 1981). On the other hand, contributory negligence, while requiring proof of both knowledge and appreciation of the danger, does not require proof of a voluntary, affirmative exposure to the danger; rather it merely requires proof that the plaintiff failed to exercise reasonable care. Elder, supra.
 "Assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be. The two may co-exist, or either may exist without the other. The difference is frequently one between risks which were in fact known to the plaintiff, or so obvious that he must be taken to have known of them, and risks which he merely might have discovered by the exercise of ordinary care." *Page 445 
Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3d Cir. 1963).
If Belcher was negligent in not performing its "voluntarily undertaken" duty to provide a ladder, it was only because there was some risk or danger in climbing on the crossties. Because Sprouse was as familiar with the dock as the Belcher employees were, any such risk of injury would be as apparent to him as it was to them. Thus, the very evidence that would support a finding of negligence against Belcher would, to the same extent, require a finding that Sprouse was aware of the risk in climbing on the crossties. Therefore, as a matter of law, he must be deemed to have been aware of and to have appreciated the danger associated with climbing on the crossties.
In Wallace v. Doege, 484 So.2d 404 (Ala. 1986), the plaintiff had worked for 25 years with saws similar to the one on which she was injured and knew that it was dangerous to clean the saw without turning it off. This Court held that "Doege put herself in danger by attempting to clean the saw without turning off the power," and that "the proximate cause of Doege's injury was her failure to exercise reasonable care in cleaning the saw."Id., at 406. The Court reversed a judgment for Doege and rendered a judgment for Wallace. In Fenley v. Rouselle Corp.,531 So.2d 304, 305 (Ala. 1988), the trial court entered a summary judgment for the defendant based in part on a holding that the plaintiff was contributorily negligent as a matter of law because he was "thoroughly familiar with the press" on which he was injured and with "the operating conditions and circumstances." This Court pretermitted discussion of the contributory negligence issue because it affirmed the judgment for the manufacturer on the grounds that the press had been substantially altered.
In Johnson v. Niagara Mach. Tool Works, 555 So.2d 88, 93
(Ala. 1989), the Court noted that "the conduct of the plaintiff in certain cases may be so lacking in reasonable care for his own safety that reasonable minds may not differ on the issue of the plaintiff's own negligence; in such a case the question becomes one of law." The Court distinguished Wallace and Fenley
on the grounds, inter alia, that Johnson was unfamiliar with the machine on which he was injured and that the warning label had been covered.
In climbing on the crossties, Sprouse voluntarily, affirmatively exposed himself to the risk and failed to exercise due care for his own safety. Therefore, the trial court properly entered a j.n.o.v. for Belcher.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.