WISE, Justice
(dissenting).
I respectfully dissent from the majority’s decision to reverse the trial court’s order granting Terry Wilson’s motion for a new trial and to remand this case for the trial court to reinstate the jury’s verdict and to enter a judgment thereon.
The majority correctly states the standard of review, as follows:
“‘The standard of review to be applied by this Court in reviewing the granting of a motion for a new trial is set out in Jawad v. Granade, 497 So.2d 471, at 477 (Ala.1986):
“ ‘ “[A]n order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence.” ’ ”
*846 178 So.3d at 841 (quoting Richardson v. Joines, 574 So.2d 787, 787 (Ala.1991)).
I agree with the majority’s conclusion that it was “easily perceivable from the record” that there was evidence that would support the jury’s finding that Frank Lem-ley had not acted wantonly. However, I disagree with the majority’s conclusions that it was “easily perceivable from the record”- that the evidence would have supported a finding by the jury that Lemley had not acted negligently and a finding that Christopher Wilson had been contrib-utorily negligent. . ........
■ In its opinion, the majority finds, based on the conflicting evidence, that the jury could have concluded that .Lemley’s speed at the time of the accident was not the proximate cause of. Christopher’s injuries and that Lemley therefore was not negligent. In Odom v. Schofield, 480 So.2d 1217, 1218 (Ala.1985), this Court stated:
“As Chief Justice Torbert pointed out in Fox v. Bartholf, 374 So.2d 294 (Ala.1979), however, merely exceeding the statutory speed limit does not, in itself, establish actionable negligence. Several other requirements are involved — most particularly the requirement that the jury must find that the statutory violation proodmately caused the injury.”
(First emphasis added.)
In this case, Trooper David Larimer testified that' he found that “this crash occurred due to Frank Richard Lemley speeding and not being able to stop' in time.” Thus, the evidence did establish that ’ Lemley’s exceeding the speed limit proximately caused Christopher’s injuries. Lemley did not present any evidence to dispute this -evidence. Additionally, Trooper Larimer; testified that a person traveling at 40 miles per hour should be able to stop in the 460 feet between the hill and the point of impact. The clear implication is that Lemley surely would have been able to stop.if he were traveling the posted speed limit, which was 25 miles per hour. The fact that other drivers on a different day were traveling at an average of almost 40 miles per hour in the area of the accident does not change that fact or suggest that Lemley’s negligence was not the proximate cause of Christopher’s death.
There were factual disputes in this case, and the jury could have resolved those disputes in favor of Lemley. Regardless of whether the jury found that Lemley applied his brakes the second Christopher stepped out into the roadway, the undisputed evidence in this case established that-the cause of the accident was the fact that Lemley-wa's speeding and was therefore unable to stop before hitting Christopher. Further, there was evidence to support a finding that Lemley should have been able to stop while traveling' at 40 miles per hour. However, there was no evidence to support a finding that Lemley would not have been able to stop even if he had been traveling at 26 miles per hour.
It is true that the undisputed evidence established that there were no warning signs in the area where the knuckle-boom truck was stuck partially in the road and where the grass-mowing crew was directing traffic. However, Lemley did not present any evidence indicating- that the lack of such warning signs constituted negligence. Although he elicited a vague response' that the City had some policy regarding warning signs, he did not present any testimony regarding what those policies actually were. Thus, there was no evidence indicating that the lack of signs in the area of the accident violated any City policy. ■ Further, even if the lack of signs violated a policy, there is no evidence regarding where such signs should have been placéd. ■ Therefore, there was no evidence to establish that the failure to com *847 ply with any such policy proximately caused the accident.
The same is true regarding testimony as to whether the flashing lights on the knuckle-boom truck and the city truck were on. The majority correctly points out that the evidence in that regard was disputed and that the jury could have found that the flashing lights of those two vehicles were not on. However, this does not appear to be evidence of negligence on the part of Christopher. He was' not the driver of either vehicle. Thus, this evidence would not be relevant to the question whether Christopher was contribu-torily negligent. At most, this appears to be evidence of negligence by a third party. However,
“[t]he defendant’s negligence need not be the sole cause of an injury in order for an action against the defendant to lie. It is sufficient that the negligence concurred with other causes to produce the injury. Lawson v. General Telephone Co. of Alabama, 289 Ala. 283, 290, 267 So.2d 132, 138 (1972).”
Buchanan v. Merger Enters., Inc., 463 So.2d 121, 126 (Ala.1984), superseded by statute, as stated in Jackson v. Azalea City Racing Club, Inc., 663 So.2d 112 (Ala.1989).
Further, in light of Lemley’s testimony that he saw the knuckle-boom truck in the road and that he saw Christopher step out into the roadway when he crested the hill in his vehicle, it appears that any evidence regarding the lack of safety equipment, a safety vest, or flags is irrelevant and nothing more than a red herring. Thus, there was no evidence that actually supported a finding that Lemley was not negligent and that his negligence was not a proximate cause of the accident.
The majority also concludes:
“Even if the jury had concluded that Lemley was negligent, there was evidence that, would have supported a finding by the jury that- Christopher was contributorily negligent. As we noted in Part A of this opinion, the evidence was undisputed that there were no warning signs in-,the area; that' Christopher was not wearing a safety vest at the time of the accident; that Christopher did not have any warning flags, signs, or devices near him in , the roadway; and that Christopher was wearing neutral-colored clothing, when he was struck. Additionally, Lemley presented evidence indicating that Carr had previously made the statement ‘that there were enough vests for everybody on the crew there.’ Also, there was conflicting evidence from which the jury could have concluded that the flashing lights or warning lights on the knuckle-boom truck and the city truck were not actually on. However, Christopher stepped out in front of a speeding vehicle, despite the lack of a safety vest, safety equipment, and warning devices. Based on this evidence, the jury could have reasonably concluded that Christopher had knowledge of the dangerous condition; that Christopher appreciated the danger under the circumstances; and that Christopher failed to exercise reasonable care by stepping out in front of a speeding vehicle under such circumstances. Thus, there was evidence that would have supported a finding by the jury that Christopher was contributorily negligent.”
178 So.3d at 844.
“In Chilton v. City of Huntsville, 684 So.2d 822, 824-25 (Ala.199[1]), this Court held:
“ ‘In order to establish the affirmative defense of contributory negligence, [which the defendant bears the burden of proving], there must be a showing .that the party charged had knowledge of the dangerous condition; *848 that he appreciated the danger under the surrounding circumstances; and that, failing to exercise reasonable care, he placed himself in the way of danger. Bridges v. Clements, 580 So.2d 1346 (Ala.1991); Knight v. Seale, 530 So.2d 821 (Ala.1988). Although contributory negligence may be found to exist as a matter of law when the evidence is such that all reasonable people must reach the same conclusion, the question of the existence of contributory negligence is normally one for the jury. Bridges v. Clements; Knight v. Seale.
[[Image here]]
“‘.., In Alabama Power Co. v. Mosley, 294 Ala. 394, 399, 318 So.2d 260, 263 (1975), this Court, quoting Dwight Mfg. Co. v. Word, 200 Ala. 221, 225, 75 So. 979, 983 (1917), stated:
“ ‘ “ ‘Contributory negligence is not predicated solely on knowledge' of the danger, and the certainty of injury to follow. If such were' the rule, contributory negligence would be a synonym for willful suicide or self-injury. If plaintiff had knowledge of facts sufficient to warn a man of ordinary sense and prudence of the danger to be encountered, and of the natural and probable consequences of his own conduct in the premises, then he was guilty of negligence if. he failed to exercise ordinary care to discover and avoid the danger and the injury. (Citations omitted.]’ ” ’
“(Emphasis added in Chilton v. City of Huntsville.) See Sprouse v. Belcher Oil Co., 577 So.2d 443 (Ala.1991); Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala.1990); Electric Service Co. of Montgomery v. Dyess, 565 So.2d 244 (Ala.1990); Central Alabama Elec. Co-op. v. Tapley, 546 So.2d 371 (Ala.1989). Mere heedlessness is not enough. Campbell v. Alabama Power Co., supra; Central Alabama Electric Co-op v. Tapley, supra.
“ ‘[Contributory negligence, while requiring proof of both knowledge and appreciation of the danger, does not require proof of a voluntary affirmative exposure to the danger [as does assumption of the risk]; rather, it merely requires proof that the plaintiff failed to exercise reasonable care.
“ ‘. [Contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be.... [Contributory negligence involves] risks which he merely might have discovered by the exercise of ordinary care.”
“ ‘Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3rd Cir.1963).’
“Sprouse v. Belcher Oil Co., 577 So.2d at 444. (Citation omitted.)”
Gulledge v. Brown & Root, Inc., 598 So.2d 1325, 1327-28 (Ala.1992).
As I noted previously, in light of Hem-ley’s testimony that he saw the knuckle-boom truck in the road as he crested the hill and saw Christopher step into the road, it appears that any evidence regarding the lack of safety equipment, a safety vest, or flags is irrelevant to the question whether Christopher was contributorily negligent. Therefore, based on the specific facts presented in this case, it appears that the only real question was whether Christopher was negligent because he stepped out into the road and tried to stop Lemley’s vehicle. However, in this case, Christopher was an employee of the City, was part of the grass-mowing crew that was supposed to be directing traffic for the knuckle-boom truck that was working- in the area, and was merely doing his job. Accordingly, Christopher’s stepping into *849 the road was not a departure from the standard of reasonable conduct for a person in his position. It seems wrong to suggest that a person who is tasked with directing traffic fails to exercise reasonable care and acts negligently if he steps into traffic to perform his duties. Thus, under the facts in this case, it was not “easily perceivable from the record” that there was evidence that would have supported a finding by the jury that Christopher was contributorily negligent. Therefore, the trial court did not exceed its discretion when it granted Terry’s motion for a new trial.
For the above-stated reasons, this Court should affirm the trial court’s order granting Terry’s motion for a new trial. Accordingly, I must respectfully dissent.
BRYAN, J., concurs.